Argued May 7, affirmed May 31, 1973

McDOWELL, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND, *Appellant.*

510 P2d 587

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for appellant. With him on the

brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*James B. Griswold,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

Two questions are presented by this workmen's compensation appeal:

(1) May a claimant who was awarded permanent total disability prior to the 1965 amendments to the Workmen's Compensation Law appeal from an own-motion order of the Workmen's Compensation Board issued in 1971 reducing claimant's award to permanent partial disability, and, if so, (2) may claimant prosecute such appeal against the State Accident Insurance Fund rather than the Workmen's Compensation Board?

Defendant, State Accident Insurance Fund (SAIF), appeals from a jury verdict which found the claimant permanently and totally disabled.

Claimant's compensable injuries occurred in 1946, 1953 and 1954. In 1955 claimant and the State Industrial Accident Commission entered into a stipulated judgment finding claimant to be permanently and totally disabled as a result of his accidents.

In 1971 the Workmen's Compensation Board, at the request of the State Accident Insurance Fund, reexamined claimant's case pursuant to the Board's own-motion power. The Board then entered an own-motion order finding claimant no longer permanently and

totally disabled, and reducing claimant's award to permanent partial disability equal to 145 degrees.

Claimant, being dissatisfied with the reduction in his award, sought review. The issues raised on this appeal center on the propriety of the review procedure followed by claimant.

In 1965 the Oregon legislature extensively revised the Workmen's Compensation Law. *See,* Oregon Laws 1965, ch 285, p 560. Before the 1965 amendments, the Workmen's Compensation Law was administered by a single agency, the State Industrial Accident Commission (SIAC).

In addition to its other functions, SIAC had the power to enter own-motion orders. *See,* former ORS 656.278 (1) (1953).

Under the revised law the administrative functions were divided between the State Compensation Department, now the State Accident Insurance Fund (SAIF), and the Workmen's Compensation Board. Essentially, SAIF now functions as an insurance fund, and also makes initial determinations on the compensability and extent of industrial accidents.[1] *See,* ORS 656.262, 656.268 (1), 656.632 to 656.646. So far as we are here concerned, the Board operates as a quasi-judicial agency reviewing the determinations made by SAIF, or by a direct responsibility employer. *See,* ORS 656.268 et seq.

Included within the Board's jurisdiction is the power to enter own-motion orders. *See,* ORS 656.278 (1) (1971).

---

[1] In the case of a direct responsibility employer, the employer makes the initial determination on the claim. *See,* ORS 656.262, 656.401 to 656.431.

The 1965 amendments included a provision intended to define the procedures applicable to claims arising before the fully effective date of the Act.<sup>®</sup> This provision, which was not included in Oregon Revised Statutes, states in pertinent part:

"(1) Subject to the provisions of subsections (2) to (5) of this section, all proceedings, rights and remedies with respect to injuries that occurred before the fully operative date prescribed by section 97 of this 1965 Act, shall be governed by the law in effect at the time the injury occurred.

"(2) The powers, duties and functions performed by the State Industrial Accident Commission under such law shall be performed by the manager of the department [now SAIF] except that the board shall exercise all powers, duties and functions imposed on the commission under ORS 656.278 with respect to claims arising from such injuries.

"(3) When the department makes an order, decision or award under ORS 656.282 pertaining to any claim based on an injury that occurred before the fully operative date prescribed by section 97 of this 1965 Act, the claimant may, in lieu of exercising rehearing and appeal rights under the law in effect at the time of the injury, choose to request a hearing under the provisions of ORS 656.002 to 656.590 as changed by this 1965 Act and subsequent Acts.

"* * * * *." Oregon Laws 1965, ch 285, sec 43, at p 589.

When, in 1971, the Board entered an own-motion order and reduced claimant's prior award, the claimant sought to challenge this action under "the law in effect at the time the * * * [injuries] occurred."

---

® January 1, 1966. *See,* Oregon Laws 1965, ch 285, sec 97, p 625.

Under that law, when a claimant sought review of a SIAC order or award, he first petitioned the Commission for rehearing. The Commission could then grant or deny rehearing, or, by taking no action on the petition, be deemed to have denied it. *See,* ORS 656.282, 656.284 (1953).

After the Commission denied the petition, the claimant could then appeal the case to the circuit court. On such appeal, either party could request a jury trial. *See,* ORS 656.288 (1953).

In this case the claimant petitioned *SAIF* for a rehearing on the Board's own-motion order, and then sued *SAIF* in circuit court. Defendant SAIF demurred both for failure to state a cause of action and for lack of jurisdiction over the subject matter. ORS 16.260 (1), (6).

The trial court denied the demurrer on both grounds; SAIF then answered claimant's complaint and denied his allegation of permanent and total disability. Following trial the jury found claimant permanently and totally disabled. SAIF appeals.

On appeal, SAIF again urges on this court the grounds of its demurrer below. SAIF does not, as such, challenge the trial procedure, or the jury verdict. However, SAIF contends here, as it did at trial, that claimant may not appeal from an own-motion order and that, even if claimant can appeal, the Board, and not SAIF, is the proper party defendant.

(1) Lack of jurisdiction over the subject matter. ORS 16.260 (1).

As noted above, this is one of the grounds of defendant SAIF's demurrer.

SAIF contends that an own-motion order entered by the Board is not an appealable order. SAIF

grounds this contention in its reading of ORS 656.278 (1953).[9]

ORS 656.278 (1953) provides:

"(1) The power and jurisdiction of the commission shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate its former findings, orders or awards if in its opinion such action is justified.

"(2) There is no right of appeal from any order or award made by the commission on its own motion. An appeal may be taken from any order of the commission which diminishes or terminates a former award *if such award was not entered by the commission on its own motion.*" (Emphasis supplied.)

SAIF argues that ORS 656.278 (2) means that an own-motion order is not appealable. Thus, SAIF contends that the circuit court could have no jurisdiction over this case.

We cannot agree. SAIF's reading of ORS 656.-278 (2) (1953) ignores both the plain, unambiguous language of the statute, specifically the final sentence of subsection (2), and the cases applying that language.

■ We conclude that the last sentence of ORS 656.278 (2), quoted supra, means that an own-motion order which reduces a former award is appealable *unless* the former award was also made on the Board's (or Commission's) own motion. The cases support this obvious reading of the statute. *See, Verban v. State Ind. Acc. Com.,* 168 Or 394, 123 P2d 988 (1942); *Hinkle v. State Ind. Acc. Com.,* 163 Or 395, 97 P2d 725 (1940)

[9] This provision was amended in 1955, 1957 and 1965. However, none of the amendments affected the language as relevant to this appeal.

(partially overruled on a different point in *Dimitroff v. State Ind. Acc. Com.*, 209 Or 316, 341, 306 P2d 398 (1957)); *Garner v. State Ind. Acc. Com.*, 162 Or 256, 92 P2d 193 (1939).

SAIF, in its brief, relies on *Verban* in order to support its position that the own-motion order is not appealable, but the case itself belies any such reliance. In *Verban* the Commission had entered *two* apparent own-motion orders, the second one reducing the first, and the Supreme Court held that if the two orders were, in fact, own-motion orders, then, under the statute they would not be appealable.

Here, the Board, on its own motion, reduced an earlier award which award was not entered pursuant to the own-motion power. Therefore the order was appealable, and the circuit court was correct in overruling the demurrer for lack of jurisdiction of the subject matter.

(2) Failure to state a cause of action. ORS 16.260 (6).

As noted above, this is the second ground for the defendant SAIF's demurrer at trial.

SAIF argues that it has no power to enter or affect an own-motion order, and that therefore the claimant should be suing the Board, and not SAIF.

The provisions of Oregon Laws 1965, ch 285, sec 43 (1), (2), are set out supra. Under the terms of that provision, "all proceedings, rights and remedies" with respect to injuries occurring before January 1, 1966, are to be governed by the law in effect at the time of injury.

Claimant's injuries all occurred long before the effective date of the 1965 Act. An own-motion order

certainly must be encompassed within the scope of "all proceedings, rights and remedies." Thus, claimant was justified in contesting the own-motion order under the terms of the former law.

However, sec 43 (2) makes it clear that even when proceeding as to claims governed by pre-1965 law, still the Board, and not SAIF, has the own-motion jurisdiction.

"* * * * *

"(2) The powers, duties and functions performed by the State Industrial Accident Commission under such law shall be performed by the manager of the department [now State Accident Insurance Fund] *except* that the board shall exercise all powers, duties and functions imposed on the commission under ORS 656.278 with respect to claims arising from such injuries." (Emphasis supplied.)

ORS 656.278 is the statute which establishes the own-motion power.

SAIF argues that since only the Board could enter an own-motion order affecting claimant's disability status, therefore only the Board could grant a rehearing, and only the Board could be sued. Thus, SAIF maintains that claimant has no cause of action against it.

Claimant argues in response that had he requested rehearing of the Board, or had he sued the Board, he would have made an election to proceed under the revised Workmen's Compensation Law, and thereby lost his right to a jury trial.[①]

---

[①] The 1965 amendments abolished the right to trial by jury in workmen's compensation cases, substituting a trial *de novo* before the trial judge who reviews the Board record. Oregon Laws 1965, ch 285, sec 95, p 624. *See,* ORS 656.298 (6).

The basis for this argument is not altogether clear. However, claimant may have felt that sec 43 (2), set out supra, limited the Board's capacity, when acting pursuant to pre-1965 law, strictly to the ability to enter own-motion orders.

That is, claimant, reading sec 43 very literally, may have believed that, while the Board could enter own-motion orders, it could not entertain petitions for rehearing on such orders, nor could it be sued on the basis of such orders.

Under sec 43 (2), the Board has the "powers, duties and functions * * * under ORS 656.278." However, ORS 656.278 (1953) *only* establishes the power and jurisdiction to enter own-motion orders. Another statute, ORS 656.284 (1953), defines the rehearing procedure and it is cross-referenced only to ORS 656.282 (1953), a statute conferring the general power to hear and determine questions onto the Commission.

■ We need not decide if this reading of sec 43 is correct, however, for, under the circumstances of this case, we hold that the complaint did state a viable cause of action against SAIF. Thus, we hold that even though SAIF could not have entered an own-motion order in this case, still SAIF was a proper party defendant, and claimant had a cause of action against it.

Of course a demurrer goes only to the face of the pleading, here the complaint. ORS 16.260. Claimant's complaint here alleges, in part, that SAIF requested the Board to enter an own-motion order, that claimant requested rehearing of SAIF, that SAIF took no action, and that this failure was erroneous. The complaint asserts that claimant is permanently and totally disabled.

These allegations indicate, on the part of SAIF, "an interest in the controversy adverse to the plaintiff." ORS 13.160. SAIF in fact requested the Board's action. Certainly, SAIF, as the insurer on this claim, has an interest in the outcome. We note that at trial SAIF vigorously defended against claimant's allegation of permanent total disability.

Under these facts, and construing the complaint liberally with a view to substantial justice between the parties, we hold that the complaint did state a cause of action against SAIF. *See, Murray v. Lamb,* 174 Or 239, 148 P2d 797 (1944); *Whitney v. Whitney et al.,* 114 Or 102, 235 P 293 (1925).

What claimant really sought in court was not a review of the propriety of the Board's decision, but rather an adjudication of the extent of his continuing disability. SAIF was an interested party to this determination, and the trial fully developed the issue.

Affirmed.