STATE ex rel COX, *Appellant,*
*v.*
WOLFE, *Respondent.*
(No. 7610, CA 5219)
549 P2d 1281

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Carl M. Dutli,* Enterprise, argued the cause for respondent. With him on the brief was Lorin M. Ricker, Enterprise.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, ·J.

**FOLEY, J.**

The Division of State Lands sought a mandatory injunction to require defendant to restore Whisky Creek in Wallowa County to its natural channel. The Division appeals from an order dismissing its second amended complaint after a demurrer thereto had been sustained by the trial court.

Plaintiff's second amended complaint alleges in substance that the defendant had applied for a permit to divert Whisky Creek to Willow Creek; that in making the diversion he proposed to remove the material from the proposed channel and use it and other material to fill that portion of Whisky Creek left dry as a result of the diversion. The complaint states that the application was denied and defendant, without a permit, diverted Whisky Creek into Willow Creek. The complaint then alleges that under ORS 541.615[1] to 541.695 a permit is required to make the diversion; that defendant has refused to restore Whisky Creek to its natural channel. It alleges irreparable damage and requests mandatory relief.

A complaint must contain a plain and concise statement of the facts constituting the cause of suit. ORS 16.210, 16.010. The material allegations of a pleading are admitted on demurrer as is every reasonable and proper inference deducible therefrom. *Wills v. Nehalem Coal Co.,* 52 Or 70, 96 P 528 (1908); *Oregon Home Builders v. Eisman,* 88 Or 611, 172 P 114 (1918). *See McDowell v. SAIF,* 13 Or App 389, 398, 510 P2d 587 (1973).

■■ Defendant contends that it is essential to plaintiff's complaint that the amount of fill or amount of material removed must be alleged and without such allegations the complaint fails to state a cause of suit. Since the complaint did not allege the removal of any par-

---

[1]ORS 541.615(1) provides:

"* * * [N]o person * * * shall remove any material from the bed or banks or fill any waters of this state without a permit issued under authority of the Director of the Division of State Lands * * *."

ticular amount of material but only that defendant diverted Whisky Creek into Willow Creek, he urges that the demurrer was properly sustained. We agree.

The words "fill" and "removal" as used in the chapter under which the suit was brought are words of art. ORS 541.605 provides:

"* * * * *

"(5) 'Fill' means the total of deposits by artificial means equal to or exceeding 50 cubic yards or more of material at one location in any waters of this state.

"(6) 'Removal' means the taking of more than 50 cubic yards or the equivalent weight in tons of material in any waters of this state in any calendar year; or the movement by artificial means of an equivalent amount of material on or within the bed of such waters.

"* * * * *"

In order to state a cause of suit under ORS 541.615(1) it was necessary for plaintiff to allege the removal or fill of at least 50 cubic yards of material. This the plaintiff, even in its second amended complaint, failed to do. In pleading over after a demurrer has been sustained it is presumed that the plaintiff has stated its cause of suit as favorably as its cause will permit. The fill or removal of 50 cubic yards was basic to its cause of suit and the failure to bring itself within the statute rendered its complaint demurrable.

Affirmed.