413

Argued and submitted January 26, affirmed May 12, 1982

THORNSBERRY,
*Appellant,*
*v.*
SAIF CORPORATION,
*Respondent.*

(No. 81-649, CA A21302)

644 P2d 661

Robert K. Udziela, Portland, argued the cause for appellant. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Roberts, Presiding Judge Pro Tempore, Gillette and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff commenced this action in circuit court for a redetermination of an order of the Workers' Compensation Department (Department), which reduced a prior court-adjudicated award of permanent total disability. The circuit court dismissed the complaint on the grounds that the court lacked jurisdiction of the subject matter and that a proceeding pending before the Workers' Compensation Board (Board) between the same parties constituted an election of remedies by plaintiff. Plaintiff appeals, and we affirm.

In 1953, plaintiff sustained an injury which was compensable under the workers' compensation law then in effect. On March 19, 1958, judgment was entered on a jury verdict, awarding plaintiff permanent and total disability. On October 3, 1980, the Department mailed a determination order on re-evaluation which terminated the permanent total disability award and awarded permanent partial disability.

On October 23, 1980, plaintiff requested a *hearing* before the Board to contest the Department's redetermination of his permanent total disability. On January 2, 1981, plaintiff filed a petition for *rehearing* with the State Accident Insurance Fund (SAIF). The request for a hearing before the Board was pending when this action was filed on March 27, 1981.

Plaintiff contends that he is now entitled to a jury trial. ORS 656.202(2) provides:

> "Except as otherwise provided by law, payment of benefits for injuries or deaths under ORS 656.001 to 656.794 shall be continued as authorized, and in the amounts provided for, *by the law in force at the time the injury giving rise to the right to compensation occurred.*" (Emphasis added.)

Jury trials in circuit court were permitted at the time plaintiff was injured. Former ORS 656.288(3) (repealed by Or Laws 1965, ch 285, § 95). Claim procedures prior to the effective date of Or Laws 1965, ch 285, were retained to the extent that a claimant with a pre-1966 compensable injury could elect to proceed with the law in effect at the time of the injury. Section 43 of the 1965 Act provides:

"(1) Subject to the provisions of subsections (2) to (5) of this section, all proceedings, rights and remedies with respect to injuries that occurred before the fully operative date prescribed by section 97 of this 1965 Act, shall be governed by the law in effect at the time the injury occurred.

"(2) The powers, duties and functions performed by the State Industrial Accident Commission under such law shall be performed by the manager of the department except that the board shall exercise all powers, duties and functions imposed on the commission under ORS 656.278 with respect to claims arising from such injuries.

"(3) When the department makes an order, decision or award under ORS 656.282 pertaining to any claim based on an injury that occurred before the fully operative date prescribed by section 97 of this 1965 Act, the claimant may, in lieu of exercising rehearing and appeal rights under the law in effect at the time of the injury, choose to request a hearing under the provisions of ORS 656.002 to 656.590 as changed by this 1965 Act and subsequent Acts.

"(4) In the event the claimant chooses to proceed under subsection (3) of this section, the rules and procedures contained in ORS 656.002 to 656.590 as changed by this 1965 Act and subsequent Acts shall govern hearings, review by the board, judicial review, aggravation and continuing jurisdiction except that the claimant shall have 60 days from the date on which the notice was mailed to him within which to request a hearing under section 34 of this 1965 Act.

"(5) The copy of the order, decision or award served upon the claimant under ORS 656.282 shall contain a statement informing the claimant of his rights under subsection (3) of this section, the form of the statement to be determined by the department."

A claimant with a pre-1966 compensable injury who elects to have his claim processed under the former law is faced with complications. The complexity is due in part to changes in the agencies and the mechanisms established to administer the law. Prior to 1966, the State Industrial Accident Commission (SIAC) was charged with the administration of the Workmen's Compensation Law. Former ORS 656.410 (amended by Or Laws 1965, ch 285, § 54). It had continuing authority to modify or terminate awards of compensation formerly made. Former ORS 656.278 (amended by Or Laws 1965, ch 285, § 33). In sum, SIAC

served as insurer, administrator and quasi-judicial body for review of claims. By the enactment of the 1965 Act, those powers, except the function of an insurer, were transferred to the Workmen's Compensation Board. *See* former ORS 656.278, 656.708, 656.726. *See also McDowell v. SAIF,* 13 Or App 389, 391, 510 P2d 587 (1973).[1]

■ *McDowell* inserted a measure of uncertainty when it approved the procedure used there by a claimant with a pre-1966 injury. The claimant was awarded permanent total disability in 1955. In 1971, at the request of SAIF, the Board on its own motion reexamined the extent of claimant's disability. The Board then ordered a reduction of the award to permanent partial disability. The claimant petitioned SAIF for a rehearing of the *Board's* order and then filed an action against SAIF in circuit court. *McDowell* held that a claimant could petition SAIF for a rehearing. We now believe that that holding was wrong. There is no sound reason to permit or require a claimant to seek a rehearing before SAIF on a determination order issued by the Department. SAIF's principal function is that of an insurer. It has no quasi-judicial or administrative authority to review determination orders issued by the Department on its own motion. To the extent that *McDowell v. SAIF, supra,* is inconsistent with this opinion, it is overruled.

■ Under the law in effect in 1953, a claimant had 60 days from the date of a SIAC order to seek a rehearing before SIAC. A request for rehearing was a prerequisite to an appeal to the circuit court. Former ORS 656.284 (repealed by Or Laws 1965, ch 295, § 95). In the present case, the determination order that plaintiff sought to have reviewed and thereby to make it the predicate for a jury trial, was mailed by the Department on October 3, 1980. When plaintiff filed his petition for rehearing with SAIF, he was doing what had been approved in *McDowell.* But, even if we consider plaintiff's request to SAIF for a rehearing to be required under the former law, plaintiff's right to

---

[1] By the enactment of Or Laws 1965, ch 285, all of the functions performed by SIAC were transferred either to the State Compensation Department or the Workmen's Compensation Board, now the Workers' Compensation Board. The functions of an insurer which were transferred to the state compensation department are now the responsibility of SAIF. *See* Reviser's Notes for the 1965 revisions to ORS 656 at pp 121 and 122b.

circuit court review is clearly lost because the request to SAIF was made on January 2, 1981, more than 60 days after the mailing of the determination order. However, in view of *McDowell* our analysis cannot end there.

■ ■  Plaintiff's request for a hearing before the Board is not contained in *this record,* and it was apparently not before the trial court.[2] SAIF stated in its motion to dismiss that plaintiff had

"filed a Request for Hearing with the Workers' Compensation Board of the State of Oregon, contending the Determination Order of October 3, 1980 to be in error, and alleging that he remained permanently and totally disabled. * * *"

The request apparently did not expressly state that plaintiff was electing to proceed under the current procedures rather than the procedures in effect in 1953. The request, then, could be consistent with an attempt to follow the 1953 procedures by requesting a rehearing from the successor to SIAC in its capacity as the body making a determination on re-evaluation of the extent of disability. That being so, such a request would not constitute an *election* to proceed under current procedure.

■  Viewing plaintiff's request to the Board as a request for a rehearing, we must determine whether plaintiff has proceeded appropriately under the law in effect in 1953. Plaintiff was required to request a rehearing within 60 days of the mailing of the redetermination order. Plaintiff's request to the Board was timely. Former ORS 656.284(6) (repealed by Or Laws 1965, ch 285, § 95) provided that an application for rehearing is deemed denied if not acted upon within 60 days from the date of filing. Although the Hearings Division of the Board acknowledged plaintiff's request for a hearing, no action was taken within 60 days from the date of the request. Plaintiff's request must be deemed to have been denied 60 days from its October 23, 1980, filing. Plaintiff then had 30 days within which to appeal to the circuit court. Former ORS 656.286(1). He did not file this action until March, 1981.

---

[2] Plaintiff's request for a hearing before the Board appears in the appendix to respondent's brief in this court. The request for hearing was not annexed to respondent's motion to dismiss, nor does it otherwise appear in the trial court file. Accordingly, we do not consider it.

Under the law in effect in 1953, plaintiff's action in circuit court was not timely filed.

Affirmed.[3]

---

[3] We do not consider this decision to have any effect on the efficacy of plaintiff's petition now pending before the Board.