Argued and submitted January 13, affirmed October 19, 1988

In the Matter of the Compensation of
Bert E. Miltenberger, Claimant.

MILTENBERGER,
*Petitioner,*

*v.*

HOWARD'S PLUMBING et al,
*Respondents.*

(WCB 86-0564M; CA A43602)

762 P2d 1057

Jay W. Beattie, Portland, argued the cause for petitioner. On the brief were Catherine Riffe and Lindsay, Hart, Neil & Weigler, Portland.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Claimant seeks review of the Workers' Compensation Board's own motion order on reconsideration that held that, because claimant's aggravation rights had expired, it had own motion jurisdiction. *Former* ORS 656.278.[1] We affirm.

■■ If claimant's aggravation rights under ORS 656.273 had expired, the Board had own motion jurisdiction. *Former* ORS 656.278. Although, in that event, ORS 656.278(3) limits claimants' appeal rights to cases where "the [own motion] order diminishes or terminates a former award," claimant may seek review of the Board's determination that, because aggravation rights had expired, it had own motion jurisdiction. ORS 656.298(1).

On January 29, 1979, claimant suffered a compensable injury to his lower back. The Workers' Compensation Department initially did not issue a Determination Order. At first, the injury was nondisabling, but in November, 1980, it became disabling. Insurer reopened the claim. On November 17, 1981, the Department issued a determination order that awarded compensation for temporary total disability from December 8, 1980, through April 13, 1981, and five percent unscheduled permanent partial disability.[2] The order advised claimant:

---

[1] *Former* ORS 656.278 provided:

"(1) Except as provided in subsection (5) of this section, the power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified.

"(2) An order or award made by the board during the time within which the claimant has the right to request a hearing on aggravation under ORS 656.273 is not an order or award, as the case may be, made by the board on its own motion.

"(3) The claimant has no right to appeal any order or award made by the board on its own motion, except when the order diminishes or terminates a former award. The employer may appeal from an order which increases the award.

"(4) The insurer or self-insured employer may voluntarily reopen any claim to provide benefits or grant additional medical or hospital care to the claimant.

"(5) The provisions of this section do not authorize the board, on its own motion, to modify, change or terminate former findings or orders:

"(a) That a claimant incurred no injury or incurred a noncompensable injury; or

"(b) Approving disposition of a claim under ORS 656.289(4)."

[2] In 1982, the Board increased the award to 15 percent.

"If your condition as a result of this injury or disease gets worse, you may apply to the insurer named on this order for additional compensation. You must file your claim for additional compensation within five years from * * *   November 17, 1981   ."

In August, 1985, claimant's condition worsened. Insurer reopened the claim and submitted it to the Evaluation Division for closure. The Division forwarded it to the Board, because the Division believed that claimant's aggravation rights had expired. In October, 1986, the Board issued an own motion determination that claimant receive TTD from August 19, 1985, through May 13, 1986. On claimant's request, the Board abated the order. Thereafter, it issued an own motion determination on reconsideration and ruled that it had jurisdiction to issue an own motion order. It stated:

"Claimant's condition resulting from his January 1979 nondisabling injury worsened in November 1980. Concluding that the nondisabling injury had become disabling more than one year from the date of the injury, [insurer] correctly processed the claim as one for aggravation. [ORS 656.262(12), *formerly* ORS 656.262(11).] Once claimant's condition stabilized, [insurer] submitted the claim to the Evaluation Division for closure. Since claimant's injury had been nondisabling and no determination had been made, his aggravation rights were statutorily required to have commenced January 29, 1979, the date of his injury. ORS 656.273(4)(b).

"Unfortunately, the November [17], 1981, Determination Order inaccurately stated that claimant's aggravation rights began as of the date of the order. This information was unquestionably misleading. However, a statement on an administrative form cannot modify the express language of controlling statutes. Thus, claimant's five-year aggravation rights, which began on January 29, 1979, had terminated by August 1985, when his condition worsened and [insurer] voluntarily reopened his claim. Since claimant's aggravation rights had expired, we had jurisdiction to issue our own motion determination pursuant to ORS 656.278."

ORS 656.273(4)(b), on which the Board relies, states:

"If the injury was nondisabling and no determination was made, the claim for aggravation must be filed within five years after the date of injury."

If that section applies, claimant's aggravation rights had

expired, and the Board had jurisdiction to issue its own motion determination. Claimant asserts, however, that under the law in effect on the date he was injured, he had five years from the date of the determination order of November 17, 1981, to file an aggravation claim. At the time of claimant's injury, *former* ORS 656.273(4) read:

"(a)  Except as provided in paragraphs (b) and (c) of this subsection, the claim for aggravation must be filed within five years after the first determination made under (3) of ORS 656.268.

"(b)  If no determination was made, the claim for aggravation must be filed within five years after the date of injury.

"(c)  If a nondisabling injury did not become disabling within at least one year from the termination of medical services, the claim for aggravation must be filed within five years from the date of injury rather than the date of any determination issued in the claim."

■ ■   Even if *former* ORS 656.273(4) applies, however, claimant's aggravation rights expired before he filed his aggravation claim. The five-year period runs from the date of the nondisabling injury and not from the date of a determination order, if the period between "the termination of medical services" and the date that the injury became disabling is not less than one year. *Former* ORS 656.273(4)(c). The statutory language "termination of medical services" means termination of medical services for the nondisabling injury.

■ ■   The record, which we review *de novo,* does not show that claimant's injury became disabling less than one year after the termination of medical services for the nondisabling injury. It was claimant's burden to show that.[3] At most, the record only shows that claimant received medical services for "several months" after that injury. Accordingly, even if *former* ORS 656.273(4)(c) applies, the Board did not err when it decided that it had own motion jurisdiction.

■   Claimant also asserts that the Board is estopped from exercising its own motion jurisdiction, because the November

---

[3] At oral argument, claimant argued that we should, at a minimum, remand the case to the Board to take evidence on when medical services terminated after his January, 1979, injury. Claimant, however, had the opportunity to submit his evidence to the Board when it reconsidered its own motion determination.

17, 1981, determination order expressly stated that he had five years from that date to file an aggravation claim. The Board conceded that the information contained in the order was misleading. Claimant, however, does not argue that he was, in fact, misled and did not show that he relied on that information to his detriment. *See Employment Div. v. Western Graphics Corp.,* 76 Or App 608, 612, 710 P2d 788 (1985). Claimant's condition worsened in August, 1985, over six years after the date of the nondisabling injury. He could not have filed an aggravation claim before his condition worsened. Accordingly, he could not have delayed filing an aggravation claim in reliance on the Department's misleading communication. The Board was not estopped from exercising its own motion jurisdiction.

Affirmed.