### STATE ex rel ADULT AND FAMILY SERVICES DIVISION,
*Appellant,*

*v.*

### KITCHENS,
*Respondent.*

### STATE ex rel ADULT AND FAMILY SERVICES DIVISION,
*Appellant,*

*v.*

### MOORE,
*Respondent.*

### STATE ex rel ADULT AND FAMILY SERVICES DIVISION,
*Appellant,*

*v.*

### DICKINSON,
*Respondent.*

(D8609-66495; D8501-60531; D8503-61914;
CA A42217 (Control); CA A42218)
(Cases Consolidated)

763 P2d 1196

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Philip F. Schuster, II, Portland, argued the cause for respondent. With him on the brief was Roger F. Dierking, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

In each of three filiation actions, ORS 109.124 *et seq,* to establish paternity, obtain future child support and recover unpaid past support, Adult and Family Services Division (AFSD) appeals a summary judgment for respondent, the alleged father. The judgment dismissed the petition and barred AFSD from bringing the action.[1] In each case, AFSD assigns as error that the court granted respondent's motion for summary judgment. We reverse.

In each action, the affidavits that the parties submitted on the motions for summary judgment are substantially similar. Each mother gave birth to a child out of wedlock. Each applied for and received aid to dependent children (ADC) and assigned all of her support rights to the state. ORS 418.042(1).[2] On her application for assistance, each named one of the respondents as the father. Although in his answer, each putative father denied paternity, he neither denied nor admitted paternity in his affidavit or in any other document filed in the trial court or in this court or in any statement of his attorneys. Each affidavit, however, raises the issue of whether another man might be the father, because the affiant either asserted or implied that the mother was having sexual relations with other men at the time when the affiant had sexual relations with her.[3] Each mother asserted that the

---

[1] The judgment apparently incorporates the order's provision that bars AFSD from bringing the action.

[2] ORS 418.042(1) provides:

"If [ADC] is paid and received for the support of a child, the rights to child support that any person may have for the child are deemed to have been assigned by operation of law to the Department of Human Resources. Notice of the assignment by operation of law shall be given to the applicant at the time of application for public assistance and shall be given to any obligee who may hold some interest in such support rights."

[3] Moore's affidavit states:

"About one month after the party Barbara called me and told me she missed her period. I told her that I was not sure I had intercourse with her and she should check with other persons she dated."

Dickinson's affidavit states:

"At the time I knew this woman, she stated to me that she was still seeing her ex-husband, that she was dating her dentist and was seeing another fellow."

Kitchen's affidavit states:

"After I became acquainted with the mother of the child born out of wedlock in November or December of 1981, I had sexual relations with her. The mother was living with her relatives at the time, in my opinion, she was having sexual relations with other men."

respondent was the father and that she had told him of his paternity shortly after she became aware that she was pregnant. Two respondents do not admit or deny that the mother told them that they were the fathers; one does deny it. Following the child's birth, each respondent had little, if any, contact with the child or its mother and did not provide any substantial support to the child.

In each case, AFSD did not promptly notify any respondent that the mother had named him as the father on her application for assistance or of her assignment or of AFSD's payment of support for the child. Respondents learned of these events only when AFSD filed the filiation petitions, two and a half years, four years and ten years, respectively, after the mother's assignment. AFSD claimed that substantial back support payments had accrued against each respondent when AFSD filed the actions.

To obtain information relevant to a mother's eligibility for ADC benefits, AFSD sends its "Form 412 letter" to a father of a child born *in wedlock*. The letter states that "the case record indicates that you may have an interest in [the child]" and asks whether the recipient contributes any support or provides medical coverage for the child. Ordinarily, AFSD does not send the form letter to an alleged father of a child born *out of wedlock*. It did not send a "Form 412 letter" to any of the respondents.

In each case, the trial court's order granting the motion for summary judgment recited that

"there is no genuine issue as to any material fact as to the following matters, and accordingly the court finds as follows:

"1. The mother designated respondent as the father when she applied for assistance or shortly thereafter;

"2. The state did not notify the respondent when the mother applied for assistance or when the mother named respondent as designated father;

"3. A substantial period of time elapsed with no association between the respondent and the child born out of wedlock;

"4. The state notifies married fathers that the mother has applied for public assistance and does not so notify unmarried fathers."

It did not specifically hold that there was no genuine issue of material fact respecting paternity, but recited:

> "[T]he lack of notice has deprived respondent of his guarantees to due process and equal protection under the 14th Amendment of the United States Constitution and under the Oregon Constitution; and
>
> "The court having entered the above findings and conclusion of law and having further found that there is no genuine issue as to any material fact and that the respondent is entitled to judgment as a matter of law."

The order then granted the motion for summary judgment, recited that it "barred [AFSD] from bringing the * * * paternity action" and dismissed the action. Thereafter the court granted judgment for each respondent.

Each respondent asserts that AFSD denied him due process and equal protection under the Fourteenth Amendment and equal privileges and immunities under Article I, section 20, of the Oregon Constitution, and that estoppel bars AFSD's claims, because it failed to notify him when the mother assigned her support rights and named him as father. He also asserts that his only effective remedy is just what the court did: dismiss the action and bar AFSD from bringing it.

■ Summary judgment may be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47C; *Christensen v. Murphy,* 296 Or 610, 613, 678 P2d 1210 (1984). Here, there is a genuine issue of fact in each case respecting paternity. The affidavits do not establish that there is no genuine issue of fact respecting paternity. Moreover, the issue of paternity is material in each case. For example, if a respondent is not in fact a father, AFSD's failure to inform him to the contrary could not have deprived him of liberty or property under the Due Process Clause of equal protection or of any privilege or immunity under Article I, section 20, of the Oregon Constitution.

■ Respondents, however, argue in effect that, even if paternity is a genuine issue of fact, it is not material. They assert that, if AFSD is not barred by estoppel from bringing the action, it will continue not to notify other designated fathers of children born out of wedlock of their paternity. To invoke estoppel, however, respondents must show detrimental reliance. *See Miltenberger v. Howard's Plumbing,* 93 Or App

475, 480, 762 P2d 1057 (1988); *Employment Div. v. Western Graphics Corp.,* 76 Or App 608, 612, 710 P2d 788 (1985). Unless a respondent is a father, he could not have acted to his detriment in reliance on AFSD's failure to notify him of that status. AFSD's failure to inform him that he is the claimed father could not harm him. On this record, respondents may not invoke claims of other persons who might be fathers. *See Kelly v. Silver,* 25 Or App 441, 452, 549 P2d 1134 (1976). Paternity is, therefore, material; and the court should not bar AFSD from seeking to determine at trial the factual question —paternity—which brings into play respondents' claims.

■     We must address one other issue. AFSD asserted below in opposition to the summary judgment motions that there were disputed issues of fact, but it did not identify them. Its brief here, however, states that

> "[t]he trial court's ruling left unresolved several disputed fact questions squarely presented in each case, such as to [sic] whether respondent was in fact the father of the child, whether he had actual notice of that fact, whether he had a support obligation with respect to the child that he failed to pay, and whether he should pay child support in the future."

Nonetheless, it assigns as error only that:

> "1.   The trial court erred in granting respondents' motions for summary judgment.
>
> "2.   The trial court erred in granting respondents' motions to dismiss the filiation proceedings."

It does not specifically assert that the court erred because there are genuine issues of material fact.

In this summary judgment proceeding, all of the parties ask us to reach the merits of their constitutional and estoppel arguments. On this record, we cannot. Even though AFSD may not have properly preserved the matter as error, it is apparent on the face of the record that paternity is a genuine issue of material fact. *See* ORAP 7.19(5).[4] The court erred when it granted respondents' motions for summary judgment.

Because each judgment is reversed, respondents are not entitled to the judgments for attorney fees. Accordingly, it

---

[4] AFSD's assignments of error are arguably broad enough to encompass the error.

is not necessary to discuss further AFSD's third assignment of error.[5]

Reversed and remanded.

---

[5] AFSD's third assignment of error is that the trial court erred in awarding respondents their attorney fees incurred in a collateral federal court action.