Argued and submitted December 7, 1990, reversed and remanded for reconsideration May 22, 1991, reconsideration allowed by opinion January 8, 1992
See 110 Or App 453 (1992)

In the Matter of the Compensation of
Arnold G. Wheeler, Claimant.

## SAIF CORPORATION,
*Petitioner,*

*v.*

## Arnold G. WHEELER,
*Respondent.*

(WCB No. 87-0276M; CA A64163)

811 P2d 1382

David L. Runner, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

SAIF Corporation (SAIF) seeks review of the Workers' Compensation Board's Own Motion Order on Reconsideration and a remand for further proceedings.

SAIF requested the Board to consider terminating claimant's permanent total disability award for injuries predating 1966. The Board held that it lacked jurisdiction to reevaluate the award under ORS 656.278.[1] It reasoned that ORS 656.278(1)(b) expressly permits it only to authorize payment of medical benefits for pre-1966 injuries, in addition to temporary disability compensation provided for in subsection (1)(a). The Board found no express language or legislative intent apparent in the statute to authorize it to decrease or terminate permanent disability awards.

SAIF would interpret ORS 656.278(1)(b) differently. It argues that, on its face, the statute authorizes the Board to terminate a former award in all cases where "[t]he date of injury is earlier than January 1, 1966." The second sentence of the subsection, SAIF contends, does not limit the meaning of the first sentence; it merely authorizes the Board to grant medical benefits and temporary disability awards under the limited conditions specified in subsection (1)(a). SAIF points

---

[1] ORS 656.278 provides, in part:

"(1) Except as provided in subsection (5) of this section, the power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified in those cases in which:

"(a) There is a worsening of a compensable injury that requires either inpatient or outpatient surgery or other treatment requiring hospitalization. In such cases, the board may authorize the payment of temporary disability compensation from the time the worker is actually hospitalized or undergoes outpatient surgery until the worker's condition becomes medically stationary, as determined by the board; or

"(b) The date of injury is earlier than January 1, 1966. In such cases, in addition to the payment of temporary disability compensation, the board may authorize payment of medical benefits."

Subsection (1) was amended by Or Laws 1987, ch 884, § 37. Previously, the subsection provided:

"Except as provided in subsection (5) of this Section, the power and jurisdiction of the Board shall be continuing, and it may, upon its own motion, from time to time, modify, change or terminate former findings, orders or awards if in its opinion such action is justified."

to the language in ORS 656.278(3)[2] that allows a claimant "to appeal" an own motion order that reduces or terminates a former award and argues that subsection (3) would be meaningless under the Board's interpretation of subsection (1). SAIF also contends that nothing in the legislative history of the amendment evidences any intent to eliminate the Board's authority to reduce permanent disability awards.

We have interpreted ORS 656.278(1), as it now reads, to abolish the Board's authority to *award* permanent disability benefits on its own motion. *See State ex rel Borisoff v. Workers' Comp. Board,* 104 Or App 603, 606, 802 P2d 98 (1990); *Independent Paper Stock v. Wincer,* 100 Or App 625, 628, 788 P2d 466, *rev den* 310 Or 195 (1990). The question in this case is whether, under ORS 656.278(1), the Board may on its own motion *reduce or terminate* a permanent disability award for injuries pre-dating 1966.[3]

ORS 656.278(1) unambiguously provides that the Board can "from time to time modify, change or *terminate* former * * * awards" in cases where the injury occurred "earlier than January 1, 1966." (Emphasis supplied.) ORS 656.278(3) evidences the legislature's intent to continue the Board's authority to reduce awards but only as limited by subsection (1). Our interpretation is consistent with the policy that claimants should be encouraged to attempt to reduce their disabilities and become self-sufficient to the greatest extent practicable. *See* ORS 656.012(2)(c); ORS 656.206(5); ORS 656.325(3).

Reversed and remanded for reconsideration.

---

[2] ORS 656.278(3) provides:

"The claimant has no right to appeal any order or award made by the board on its own motion, except when the order diminishes or terminates a former award. The employer may appeal from an order which increases the award."

[3] Before ORS 656.278(1) was amended in 1987, the Board exercised its own motion jurisdiction to reduce pre-1966 permanent disability awards when they were otherwise unreviewable under ORS 656.325(3). *See Thornsberry v. SAIF,* 57 Or App 413, 418 n 2, 644 P2d 661 (1982); *McDowell v. SAIF,* 13 Or App 389, 395, 510 P2d 587 (1973); *see also Elgin E. Amidon,* 37 Van Natta 612 (1985).