On respondent's petition for reconsideration filed August 21, 1991, petition for reconsideration allowed; former opinion (107 Or App 254, 811 P2d 1382) withdrawn; petition for judicial review dismissed January 8, reconsideration denied April 15, petition for review denied May 26, 1992 (313 Or 300)

In the Matter of the Compensation of
Arnold G. Wheeler, Claimant.

SAIF CORPORATION,
*Petitioner,*

*v.*

Arnold G. WHEELER,
*Respondent.*

(WCB No. 87-0276M; CA A64163)

823 P2d 434

Gary D. Taylor and Vick & Gutzler, Salem, for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Claimant has petitioned for Supreme Court review. 107 Or App 254, 811 P2d 1382 (1991). We treat the petition as one for reconsideration. ORAP 5.15.

■ Our decision was correct on the merits. ORS 656.278 clearly provides that the Board may terminate an award made before 1966. The more difficult question, raised for the first time in the petition for reconsideration, is whether we have jurisdiction to consider a petition for review of the Board's order. We allow the petition in order to decide that issue.

■ ORS 656.278(3) provides:

"The claimant has no right to appeal any order or award made by the Board on its own motion, except when the order diminishes or terminates the former award. The employer may appeal from an order which increases the award."

We have held that, if the Board order does not increase the claimant's award, the statute provides no basis for a petition by the employer. *Morton v. N.W. Foundry,* 36 Or App 259, 584 P2d 346, *rev den* 284 Or 341 (1978). The question posed by the petition for reconsideration is whether the statute precludes judicial review when the Board's decision is based, not on the merits of the claim, but on its determination that it lacks authority to act.

In *State ex rel Borisoff v. Workers' Comp. Board,* 104 Or App 603, 802 P2d 98 (1990), in which several claimants sought to compel the Board to exercise its own motion jurisdiction to increase their permanent disability awards, we noted in *dictum* that the claimants could not have sought direct review of the Board's orders, because the orders did not reduce or terminate the existing awards, but merely held that the Board did not have authority to award permanent disability benefits on its own motion. In *Miltenberger v. Howard's Plumbing,* 93 Or App 475, 762 P2d 1057 (1988), we held that a claimant may seek review of a Board determination that it had own motion jurisdiction, as opposed to regular jurisdiction, even though the Board's order did not reduce or terminate the award.

Although our comment in *Borisoff* was *dictum,* it is more closely on point than the holding in *Miltenberger.* The

statute allows an employer to file a petition for review only when the Board increases the award. It draws no distinction between cases that the Board decides on the merits and those that are resolved on some other basis. We conclude that, under ORS 656.278(3), an employer may not seek review of an own motion order that does not increase an award, even if the order is grounded on the Board's determination, perhaps mistaken, that it lacks authority to grant the requested relief.

Petition for reconsideration allowed; former opinion withdrawn; petition for judicial review dismissed.