Argued and submitted July 24, Board order vacated; referee's order reinstated September 27, petition for review denied November 21, 1995 (322 Or 360)

In the Matter of the Compensation of
Daniel C. Reddekopp, Claimant.

SAIF CORPORATION
and Coastway Construction Company, Inc.,
*Petitioners,*

*v.*

Daniel C. REDDEKOPP,
*Respondent.*

(92-14452; CA A85411)

903 P2d 413

Julene M. Quinn, Assistant Attorney General, argued the cause for petitioners. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and David L. Runner, Assistant Attorney General.

Jeff J. Carter argued the cause for respondent. On the brief were David W. Hittle and Burt, Swanson, Lathen, Alexander, McCann & Smith.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

SAIF seeks review of an order of the Workers' Compensation Board holding that claimant is entitled to a hearing on his claim for aggravation of a compensable injury. Because we agree with SAIF that the Board lacked jurisdiction to consider the claim, we vacate the Board's order and reinstate the referee's order. This case has a complex procedural history. In August 1983, claimant suffered a compensable back injury. The claim was ultimately closed by a 1987 determination order that awarded 35 percent permanent partial disability. Claimant sought a hearing and received an award of permanent total disability (PTD), pursuant to a referee's order. SAIF appealed the referee's order to the Board.

In 1989, claimant began receiving treatment for a cervical condition. On April 18, 1989, his neurological surgeon, Dr. Collada, requested authorization for surgery. On May 5, 1989, SAIF partially denied the cervical condition. At that time, a referee had determined that claimant was permanently and totally disabled, although SAIF had appealed that determination to the Board. Claimant's claim for the cervical condition was thus characterized as a claim for medical benefits under ORS 656.245, and the sole disputed issue was whether the cervical condition was related to the 1983 compensable injury. The referee expressly found claimant not credible and upheld SAIF's denial of the claim. The Board affirmed the referee's order. We reversed and remanded the case to the Board on the ground that the Board had considered medical evidence that was not properly in the record. In an order on remand, the Board ultimately set aside SAIF's denial and upheld the compensability of the surgery, finding that the compensable low back condition was a material contributing cause of the cervical condition and need for surgery. In the meantime, on June 18, 1990, the Board reversed the referee's order awarding benefits for permanent and total disability and reinstated the 1987 determination order.

Pursuant to the Board's order on remand, holding that the surgery was compensable, SAIF sought to reopen the claim for payment of temporary total disability (TTD), *effective retroactively to the date of the surgery, December 13, 1989*, thereby placing the reopening outside claimant's aggravation

period, which had expired on May 4, 1989, and within the Board's own motion jurisdiction. On June 11, 1992, on its own motion, the Board authorized reopening of the claim and the payment of TTD. On June 12, 1992, SAIF issued a notice of closure under the Board's own motion procedures.

On August 7, 1992, claimant filed an objection to the closure of the claim on the Board's own motion, contending that the matter should have been processed as an aggravation claim. On October 7, 1992, the Board issued an own motion order reviewing SAIF's closure of the claim and refusing to reconsider its own motion order of June 11, 1992, on the ground that claimant had not timely requested reconsideration of the order pursuant to OAR 438-12-065(2). In the alternative, the Board said that, were it to consider the merits of the aggravation claim, it would find that claimant's condition had not worsened before the expiration of his aggravation rights and that claimant's claim was properly within the Board's own motion jurisdiction.

Claimant requested a hearing on November 4, 1992, challenging the "de facto" denial of his aggravation claim. The referee dismissed the request for hearing for lack of jurisdiction on the ground that the Board's own motion order was binding and conclusive. The Board, sitting with different members, reversed the referee. It found that claimant had perfected his aggravation claim before his aggravation rights had expired under ORS 656.273, and remanded the case for a hearing. On review, SAIF contends that the Board's own motion orders precluded claimant's aggravation claim.

■    If claimant's claim is processed as an aggravation claim, he is entitled to a full hearing as well as all of the substantive benefits under the Workers' Compensation Law, including medical treatment, TTD, vocational rehabilitation and additional permanent disability, if appropriate. If his condition worsened after the expiration of the aggravation period, the matter must be considered by the Board on its own motion, without a hearing, and the only benefits available to claimant are for medical treatment and TTD from the date of hospitalization until the condition becomes medically stationary. There is no entitlement to additional permanent disability. Generally, a claimant may seek review of a Board's own motion order only if the order diminishes or terminates a

former award. We have held, however, that the Board's determination that it has own motion jurisdiction is subject to judicial review. *Miltenberger v. Howard's Plumbing*, 93 Or App 475, 477, 762 P2d 1057 (1988).

■ In its order of October 7, 1992, the Board expressly found that claimant's aggravation rights had expired and that it had own motion jurisdiction. Claimant did not seek review of that determination. Accordingly, the Board's order became final, with the force and effect of a judgment. Contrary to claimant's contention, even assuming that the Board was wrong as a factual matter when it found that his condition had not worsened during the aggravation period, that does not render the Board's order void. A judgment is void only when the tribunal rendering it had no jurisdiction over the parties or the subject matter. *Dolph v. Barney*, 5 Or 191, 211 (1874), *aff'd* 97 US 652 (1878). Subject matter jurisdiction depends on whether the tribunal had the authority to make an inquiry into the dispute. *SAIF v. Roles*, 111 Or App 597, 601, 826 P2d 1039, *rev den* 314 Or 391 (1992). ORS 656.278(1)[1] and ORS 656.726(2)[2] implicitly authorize the

---

[1] ORS 656.278(1) provides:

"Except as provided in subsection (5) of this section, the power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified in those cases in which:

"(a) There is a worsening of a compensable injury that requires either inpatient or outpatient surgery or other treatment requiring hospitalization. In such cases, the board may authorize the payment of temporary disability compensation from the time the worker is actually hospitalized or undergoes outpatient surgery until the worker's condition becomes medically stationary, as determined by the board; or

"(b) The date of injury is earlier than January 1, 1966. In such cases, in addition to the payment of temporary disability compensation, the board may authorize payment of medical benefits."

[2] ORS 656.726(2) provides:

"The board hereby is charged with the administration and the responsibility for the Hearings Division and for reviewing appealed orders of referees in controversies concerning a claim arising under this chapter, exercising own motion jurisdiction under this chapter and providing such policy advice as the director may request, and providing such other review functions as may be prescribed by law. To that end any of its members or assistants authorized thereto by the members shall have power to:

"(a) Hold sessions at any place within the state.

"(b) Administer oaths.

"(c) Issue and serve by the board's representatives, or by any sheriff,

Board to determine whether it can exercise its own motion authority. To make that determination, the Board must decide when any alleged worsening of a claimant's condition occurred and whether the claimant's aggravation rights have expired.

We conclude that the Board has subject matter jurisdiction to determine whether a claim comes within its own motion jurisdiction. Although we could have considered a petition challenging the Board's determination that it had own motion jurisdiction, *Miltenberger*, 93 Or App at 477, no such petition was filed in this case, and the Board's order determining that it had own motion jurisdiction became final and is not subject to collateral attack. Additionally, the Board's order precludes relitigation of the issue that it expressly decided; namely, that claimant's condition did not worsen before the expiration of his aggravation rights. *Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990). The Board erred in overturning its own decision.

Board order vacated; referee's order reinstated.

---

subpoenas for the attendance of witnesses and the production of papers, contracts, books, accounts, documents and testimony before any hearing under ORS 654.001 to 654.295, 654.750 to 654.780 and this chapter.

"(d) Generally provide for the taking of testimony and for the recording of proceedings."