Argued and submitted November 13, 1989, reversed and remanded March 7, reconsideration denied June 20, petition for review denied July 10, 1990 (310 Or 195)

In the Matter of the Compensation of
Donald S. Wincer, Claimant.

INDEPENDENT PAPER STOCK et al,
*Petitioners,*

*v.*

WINCER,
*Respondent.*

(WCB 86-0406M; CA A50113)

788 P2d 466

Jerald P. Keene, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Nelson R. Hall, Portland, argued the cause for respondent. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Employer seeks review of a Workers' Compensation Board order on reconsideration, arguing that, as a result of 1987 statutory amendments, the Board has no authority to award permanent disability benefits on its own motion after January 1, 1988. We reverse and remand.

In June, 1976, claimant filed a back injury claim that was accepted in January, 1977. The claim was closed and re-opened several times from 1977 until January, 1985. In July, 1986, the referee found that claimant had exhausted his rights to request further openings and benefits and that he would need to pursue additional benefits under the Board's own motion jurisdiction. ORS 656.278. In August, 1986, pursuant to an own motion order, the claim was reopened, effective December, 1985.

Claimant was declared medically stationary as of January, 1988, and in July, 1988, the Board issued an own motion order awarding him "permanent total disability commencing January 20, 1988." In September, 1988, the Board issued an order on reconsideration, adhering to its previous decision.

In the order on reconsideration, the Board recognized that, under the current version of ORS 656.278, "our Own Motion authority is limited to granting temporary disability * * * [and] we lack authority to award permanent partial or permanent total disability." However, it awarded claimant permanent disability benefits, reasoning that the current version of the statute does not apply. Citing OAR 438-12-018, the Board concluded that, because the claim was open before the January 1, 1988, changes became effective, "claim closure was conducted in accordance with the law and rules in effect on the date the claim was ordered reopened."

Employer argues that the Board erred in awarding claimant permanent total disability after January 1, 1988, the operative date of the 1987 amendments that deprived it of the authority to make such an award. It also argues that the Board's reliance on OAR 430-12-018 was improper, because the rule impermissibly exceeds statutory authority. We agree with both contentions.

Previously, ORS 656.278 contained broad language

that authorized the Board, on its own motion, to "[m]odify, change or terminate former findings, orders or awards if in its opinion such action is justified."[1] ORS 656.278(1)(a). In 1987, the legislature amended the statute by adding additional limiting language abolishing the Board's authority to award permanent disability benefits on own motion claims.[2] Or Laws 1987, ch 884, § 37. The operative date of the amendment was January 1, 1988, "[n]otwithstanding ORS 656.202."[3] Or Laws 1987, ch 884, § 62.[4] To implement the statutory changes, the Board adopted new administrative rules effective December, 1987. OAR 438-12-018, in pertinent part, provides:

> "These rules apply only to claims in which a request for compensation under the Board's own motion is made on or after January 1, 1988. *All claims reopened under ORS 656.278 on*

---

[1] Previously, ORS 656.278(1) provided:

"Except as provided in subsection (5) of this Section, the power and jurisdiction of the Board shall be continuing, and it may, upon its own motion, from time to time, modify, change or terminate former findings, orders or awards if in its opinion such action is justified."

[2] Currently, ORS 656.278(1) provides:

"Except as provided in subsection (5) of this Section, the power and jurisdiction of the Board shall be continuing, and it may, upon its own motion, from time to time, modify, change or terminate former findings, orders or award if in its opinion such action is justified in those cases in which:

"(a) there is a worsening of a compensable injury that requires either inpatient or outpatient surgery or other treatment requiring hospitalization. In such cases, the Board may authorize the payment of temporary disability compensation from the time the worker is actually hospitalized or undergoes outpatient surgery until the worker's condition becomes medically stationary, as determined by the board; or

"(b) the date of injury is earlier than January 2, 1966. In such cases, in addition to the payment of temporary disability compensation, the Board may authorize payment of medical benefits."

[3] ORS 656.202(2) provides:

"Except as otherwise provided by law, payment of benefits for injuries or deaths under [the Workers' Compensation Act] * * * shall be continued as authorized, and in the amounts provided for, by the law in force at the time the injury giving rise to the right of compensation occurred."

[4] Oregon Laws 1987, chapter 884, section 62, provides, in pertinent part:

"(1) *Notwithstanding ORS 656.202, amendments by this Act to* ORS 656.245, 656.254, 656.262, *656.278,* 656.298, 656.388, 656.538, 656.622, 656.794 and Sections 17, 18, 28, 29, 30, 31, 33 and 41 of this Act *become operative January 1, 1988.*" (Emphasis in original.)

In *Armstrong v. Asten-Hill Company,* 90 Or App 200, 204 n 3, 752 P2d 312 (1988), we noted that "[t]he apparent purpose of [§ 62(1)] is to avoid the possible application of ORS 656.202 to cases subject to the 1987 Act's amendments."

*or before December 31, 1987 shall be continued and closed by the Board under the laws and rules in effect on the date the claim was ordered reopened.*" (Emphasis supplied.)

■     ORS 656.202 embodies the general rule that we look to the law in effect at the time of the claim, unless there is a clear legislative directive to do otherwise, which there is here. By specifically providing that the amendment to the own motion statute become operative "notwithstanding ORS 656.202," the legislature expressly intended that the Board's authority to award permanent disability cease after January 1, 1988, despite the statute that generally preserves the application of the law in effect at the time of a claim. By promulgating OAR 438-12-018, the Board exceeded its authority.

■     Oregon Laws 1987, chapter 884, section 62, also provides that amendments to certain listed statutes "shall apply to all claims which become medically stationary on or after January 1, 1988," and excludes the amendment to ORS 656.278.[5] The Board's promulgation of OAR 438-12-018 circumvents that exclusion. Consequently, we conclude that the rule is impermissible, and the Board erred in relying on it to award claimant permanent disability. The Board lacked own motion authority to make a permanent disability award, "commencing January 20, 1988."

Reversed and remanded.

---

[5] Oregon Laws 1987, chapter 884, section 62(2), provides, in pertinent part:

"For the purposes of ORS 656.202, amendments by this Act to ORS 656.218, 656.268, 656.283, 656.295 and 656.319 shall not be considered to be the payment of benefits and shall apply to all claims which become medically stationary on or after January 1, 1988."