Submitted on record and briefs September 24, affirmed December 12, 1990

In the Matter of the Compensation of
Henry R. Borisoff, Claimant.

STATE ex rel Henry R. BORISOFF,
*Appellant,*

*v.*

WORKERS' COMPENSATION BOARD,
*Respondent.*

(88C-11352; CA A60630 (Control))

In the Matter of the Compensation of
Michael E. Pederson, Claimant.

STATE ex rel Michael E. PEDERSON,
*Appellant,*

*v.*

WORKERS' COMPENSATION BOARD,
*Respondent.*

(88C-11350; CA A60631)

Clyde BEAVERS,
*Appellant,*

*v.*

T. Lavere JOHNSON,
Evelyn Scott Ferris and Lynn-Marie Crider,
*Respondents.*

(88C-11323; CA A60632)
(Cases Consolidated)
802 P2d 98

Donald D. Dartt, Portland, and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, filed the briefs for appellants.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jas Adams, Assistant Attorney General, Salem, filed the brief for respondents.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In these separate mandamus proceedings, relators, who are injured workers, sought to compel the Workers' Compensation Board to exercise its own motion jurisdiction to increase their permanent disability awards.[1] In each case, the trial court issued an alternative writ of mandamus but dismissed the writ after considering its merits. We consolidate the appeals for opinion and affirm the trial court.

■ Each relator suffered a compensable injury. After the expiration of his aggravation rights under ORS 656.273, each petitioned the Board to exercise its own motion jurisdiction and award him additional permanent disability benefits due to the worsening of his condition. In each case, the Board refused to consider the request and held that ORS 656.278 does not permit the Board to award permanent disability benefits on its own motion. The Board was correct.

As amended by the 1987 Legislature, ORS 656.278(1)(a) provides:

"(1) Except as provided in subsection (5) of this section, the power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified in those cases in which:

"(a) There is a worsening of a compensable injury that requires either inpatient or outpatient surgery or other treatment requiring hospitalization. In such cases, the board may authorize the payment of temporary disability compensation from the time the worker is actually hospitalized or undergoes outpatient surgery until the worker's condition becomes medically stationary, as determined by the board[.]"

We held in *Independent Paper Stock v. Wincer,* 100 Or App 625, 788 P2d 466, *rev den* 310 Or 195 (1990), that, under the statute as amended, after January 1, 1988, the Board no longer has authority to award permanent partial disability benefits on its own motion. We adhere to that holding. We write only to address whether the statute as amended is unconstitutional.

---

[1] No one suggests that this case is not a proper subject for mandamus. We note that none of the relators could have sought direct review of the Board's order, because the order neither diminished nor terminated a former award. ORS 656.278(3).

Relators contend that, because it no longer permits own motion review of permanent disability, ORS 656.278 violates Article I, section 10, of the Oregon Constitution.[2] Their argument is premised on the theory that own motion jurisdiction is, in part, a right provided to replace a common law remedy that existed before the Workers' Compensation Act and that to eliminate that right would deprive them of a remedy by due course of law. We note, however, that, when it had jurisdiction to entertain requests for an increase of an award of permanent disability, the Board did so in its own discretion. The worker was not entitled to be heard as a matter of right.

We have held in other contexts that the imposition of limitations on the bringing of a workers' compensation claim does not infringe a claimant's constitutional rights. In *Stone v. SAIF,* 57 Or App 808, 811, 646 P2d 668, *rev dismissed,* 294 Or 442 (1982), we held that the five-year limit on the filing of a claim for an asbestos-related occupational disease under *former* ORS 656.807(1) did not violate Article I, section 10. We stated, citing *Josephs v. Burns & Bear,* 260 Or 493, 503, 491 P2d 203 (1971), that it is a permissible legislative function "to balance the possibility of outlawing legitimate claims against the public need that at some definite time there be an end to potential litigation." 57 Or App at 811. Similarly, the legislature could legitimately decide that claims for permanent disability should not be subject to adjustment for more than five years after the last arrangement of compensation. The legislature has not violated relators' rights under Article I, section 10, by eliminating the Board's discretionary jurisdiction to modify permanent disability awards on its own motion.

Relators also contend that ORS 656.278 violates Article I, section 20, of the Oregon Constitution[3] and the Equal Protection Clause of the Fourteenth Amendment by giving the privilege to be heard by the Board to those whose requests for own motion relief were acted upon before January

---

[2] Article I, section 10, provides, in part:

"[E]very man shall have remedy by due course of law for injury done him in his person, property, or reputation."

[3] Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

1, 1988, and denying that privilege to those whose requests were not acted upon by that date.

Section 20 prohibits the granting of privileges to any "class" of citizens. A class is a group that exists by virtue of antecedent personal or social characteristics. *Hale v. Port of Portland,* 308 Or 508, 525, 783 P2d 506 (1989). A class defined only by the law in question is simply a natural result of law-making, for "every law itself can be said to 'classify' what it covers from what it excludes." *State v. Clark,* 291 Or 231, 240, 630 P2d 810, *cert den sub nom Clark v. Oregon,* 454 US 1084 (1981); *Atlantic Richfield Company v. Greene,* 100 Or App 16, 20, 784 P2d 442 (1989), *rev den* 309 Or 698 (1990). In this case, there is no identifiable class cognizable under section 20, because the "favored" class exists only by reference to the challenged law, *i.e.,* those workers whose request for own motion relief were considered by the Board before January 1, 1988, the effective date of the amendment to ORS 656.278. The statute treats all injured workers the same. It is not unconstitutional.[4]

Affirmed.

---

[4] No separate argument is made under the Equal Protection Clause.