Argued and submitted October 29, remanded with instructions to award attorney fees
not to exceed $425; otherwise affirmed December 26, 1990

In the Matter of the Compensation of
Gloria A. Severson, Claimant.
SAIF CORPORATION
and Oregon Health Sciences University,
*Petitioners,*

*v.*

Gloria A. SEVERSON,
*Respondent.*

(87-13614; CA A63131)

803 P2d 1203

David L. Runner, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Thomas Cary, Eugene, argued the cause for respondent. With him on the brief was Coons & Cole, P.C., Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

The Worker's Compensation Board awarded claimant insurer-paid attorney fees for legal services that she received during the Director's review of her vocational assistance claim. Petitioners contend that the Board erred in awarding fees.

Claimant was injured in 1984. SAIF accepted her claim, and she received an award of 45 percent unscheduled permanent partial disability. In March, 1986, claimant, through her attorney, requested vocational assistance. SAIF decided that she had sufficient transferable skills to obtain suitable employment and developed a Direct Employment Plan (DEP) for her. She was assisted in her search for employment, but she did not find a job. The DEP ended in September, 1986. In December, 1986, her attorney asked SAIF to provide additional vocational assistance, specifically, an Authorized Training Plan (ATP). After consulting with its vocational assistance provider, SAIF refused.

Claimant, with the aid of counsel, then sought review by the Director under ORS 656.283(2). The Director decided that SAIF should provide claimant with an ATP and issued an order. The order did not award attorney fees. Claimant's attorney then filed a request for hearing on the issue of attorney fees under ORS 656.283(1). The referee found that SAIF"s resistance to providing vocational rehabilitation was unreasonable and awarded attorney fees. SAIF sought Board review, and the Board affirmed.

SAIF argues that the Board lacked authority to award attorney fees for legal services provided during the Director's administrative review of the claim. It contends that ORS 656.283(2) governs all matters concerning vocational rehabilitation assistance and that, because the statute does not provide for an award of attorney fees, the Director lacks authority to grant them. SAIF further argues that the statute limits Board review to matters addressed in the Director's order and, because that order could not and did not address the issue of attorney fees, the Board lacks authority to do so.

ORS 656.283(1) provides that a party or the Director may request a hearing on any question concerning a workers' compensation claim. Both parties concede that the issue here

involved a worker's compensation claim. However, the legislature adopted ORS 656.283(2), which creates a separate, less adversarial procedure for vocational rehabilitation assistance.[1] That procedure requires a worker who is "dissatisfied with an action of the insurer or self-insured employer regarding vocational assistance" to seek review by the Director before requesting a hearing.[2]

 We agree with SAIF that the Director does not have authority to award attorney fees. However, the Director's lack of authority does not preclude the Board from awarding fees. ORS 656.382(1) provides in part:

> "If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section * * *."

Although, under ORS 656.283(2), requests for vocational rehabilitation assistance are handled initially in an informal administrative process, nothing in that statute takes away the

---

[1] ORS 656.283(1) was amended to restrict Board review of decisions regarding vocational assistance in 1979. *See* Or Laws 1979, ch 839, § 7. The legislative history of that amendment confirms that its intent was that vocational assistance matters "should not be subject to the adversary process." *See* Minutes, Senate Committee on Labor, April 12, 1979, p 10 (statement of Senator Kulongoski); *see also* Minutes, April 3, 1979, p 7, April 5, 1979, pp 3-4, & Ex F, pp 7-9 (statements of Cliff Allison, Legal Counsel to Workers' Compensation Department); Minutes, House Committee on Labor, June 20, 1979, p 6 (statement of Roy Green, Director of Workers' Compensation Department). The amendment was based on a Workers' Compensation Board rule to the same effect: *former* OAR 436-61-060 (WCB Admin. Order 1-1976). *See* Minutes, Senate Committee on Labor, April 5, 1979, pp 3-4 & Ex F, pp 7-9 (statement of Cliff Allison).

[2] ORS 656.283(2) provides:

> "If a worker is dissatisfied with an action of the insurer or self-insured employer regarding vocational assistance, the worker must first apply to the director for administrative review of the matter before requesting a hearing on that matter. Such application must be made not later than the 60th day after the date the worker was notified of the action. The director shall complete the review within a reasonable time, unless the worker's dissatisfaction is otherwise resolved. The decision of the director may be modified only if it:
>
> "(a) Violates a statute or rule;
>
> "(b) Exceeds the statutory authority of the agency;
>
> "(c) Was made upon unlawful procedure; or
>
> "(d) Was characterized by abuse of discretion or clearly unwarranted exercise of discretion."

authority of the Board to award attorney fees under ORS 656.382(1). The question of whether claimant is entitled to attorney fees is a matter concerning a claim that is within the Board's jurisdiction.

SAIF contends that allowing fees for attorney involvement in the administrative review process for vocational rehabilitation matters is contrary to the legislative purpose in adopting the process and will interfere with its effectiveness. In the construction of statutes, however, we may not ignore what has been provided or insert what has been omitted. ORS 174.010; *State ex rel Cox v. Wilson,* 277 Or 247, 252, 562 P2d 172 (1977). If the legislature intended to preclude the award of attorney fees in these circumstances, it needed to say so. We hold that the Board was authorized to award attorney fees.

■ Petitioner also argues that the Board erred in concluding that its refusal to authorize a training program for claimant was unreasonable. Our standard of review is explained in *Brown v. Argonaut Insurance Company,* 93 Or App 588, 591, 763 P2d 408 (1988):

> "Whether a denial or delay is unreasonable involves both legal and factual questions. We review for errors of law in examining whether the Board applied the correct legal standard. ORS 183.482(8)(a). That standard is whether, from a legal standpoint, [insurer] had a legitimate doubt as to its liability. If so, the denial was not unreasonable. *Norgard v. Rawlinsons,* 30 Or App 999, 1003, 569 P2d 49 (1977). 'Unreasonableness' and legitimate doubt are to be considered in the light of all the evidence available to the insurer. *See Finter v. Woodburn United Methodist Church,* 62 Or App 118, 122, 659 P2d 434 (1983).
>
> "Using the legal standard, the Board makes a factual finding about reasonableness. *See Lester v. Weyerhaeuser Co.,* 70 Or App 307, 311, 689 P2d 342, *rev den* 298 Or 427 (1984). We review that finding for substantial evidence. ORS 183.482(8)(c); *see also Williams v. SAIF,* 31 Or App 1301, 1305, 572 P2d 658 (1977)."

■ The Board did apply the correct legal standard. The Director's decision was not appealed, so the Board was only reviewing the referee's award of attorney fees to determine if SAIF had a legitimate doubt as to its liability. The Board noted that the objectives of vocational assistance are "to

return the worker to employment which is as close as possible to the worker's regular employment at a wage as close as possible to the worker's wage at the time of injury." *Former* ORS 656.340(6). It recognized that an employer must provide a DEP if it finds direct employment services to be necessary for the worker to achieve an earlier return to work or to obtain suitable employment, which means employment for which the worker has the necessary knowledge, skills and abilities and that provides a wage as close as possible to the wage then being paid for the kind of employment that the worker held when injured. *Former* OAR 436-120-100(1). Finally, the Board noted that an ATP must be provided if the DEP is not sufficient for the worker to obtain suitable employment for reasons other than the condition of the labor market, *former* OAR 436-120-120(1)(a), and concluded that SAIF did not have a legitimate basis for refusing to refer claimant for vocational training.

SAIF contends that the Board's conclusion that the refusal was unreasonable is not supported by substantial evidence. It contends that it had a legitimate doubt, because it relied on the opinions of a vocational assistance provider and a vocational evaluator. However, the Board found:

"We are persuaded that the vocations identified for the DEP were not suitable. They were not of the kind for which claimant has the necessary knowledge, skills and abilities. They all require considerable clerical skills and/or public contact. Claimant is not competitive in clerical work, because she acquired her clerical training over 30 years ago and has not worked in that field since then. She failed the state clerical examination and was not qualified for positions to which she was referred by her vocational counselor. Moreover, although claimant has prior work experience involving public contact, her lack of public contact skills is well documented in the vocational reports. Her vocational counselor made numerous reference to claimant's poor physical appearance, grooming and personal hygiene. Indeed, the counselor later recommended closure of claimant's vocational file, describing her appearance as a 'detriment' to her reemployment.

"Furthermore, the vocations identified for the DEP did not provide starting wages comparable to the wage currently being provided for claimant's employment at injury, *i.e.*, custodial worker. Those vocations offer starting wages ranging from $3.35 to $4.26. That is far lower than the $7.09 hourly wage that claimant could be earning as a custodial worker.

"Because the DEP was inadequate to return claimant to suitable employment, SAIF should have referred claimant for vocational training. *See former* OAR 436-120-120(1)(a)."

We conclude that there is substantial evidence to support the conclusion that SAIF was unreasonable in not providing more training.

■ SAIF also argues that the Board erred in allowing $500 in attorney fees rather than $425. Claimant requested "$425+" in her statement of services. The referee awarded $500 in its original order and $425 in another order eleven days later. The Board ordered $500. The Board abused its discretion in awarding attorney fees greater than claimed by claimant's attorney. *See* ORS 656.388; OAR 438-15-010(5).[3]

Remanded with instructions to award attorney fees not to exceed $425; otherwise affirmed.

---

[3] OAR 438-15-010(5) provides:

"Except as otherwise provided in these rules, an assessed fee or client paid fee shall not be authorized by a referee or the Board unless the attorney requesting authorization for payment of the fee files a statement of services on a form prescribed by the Board."