On petitioners' petition for reconsideration filed March 27 and on respondent's motion for reconsideration filed May 17, reconsideration allowed; opinion (105 Or App 67, 803 P2d 1203) modified and adhered to as modified; motion for reconsideration denied October 2, 1991

In the Matter of the Compensation of
Gloria A. Severson, Claimant.

SAIF CORPORATION
and Oregon Health Sciences University,
*Petitioners,*

*v.*

Gloria A. SEVERSON,
*Respondent.*

(87-13614; CA A63131)

817 P2d 1352

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and David L. Runner, Assistant Attorney General, Salem, for petition.

Thomas Cary, and Coons, Cole & Cary, P.C., Eugene, for motion.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J., retired.

**DEITS, J.**

Employer has petitioned for review of our decision, 105 Or App 67, 803 P2d 1203 (1990), arguing that we erred in concluding that the Workers' Compensation Board had authority to award attorney fees under ORS 656.382(1) for services rendered in a vocational assistance proceeding before the Director of the Department of Insurance and Finance. We treat the petition as a petition for reconsideration, modify our opinion and adhere to it as modified. ORAP 9.15.

■　Employer correctly asserts that we erred in stating that whether to award attorney fees is a "matter concerning a claim." 105 Or App at 71. "Matters concerning a claim" are "those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue." ORS 656.704(3). Attorney fees are not compensation. *Harrington v. Board of Trustees,* 100 Or App 733, 738, 788 P2d 1019, *rev den* 310 Or 133 (1990); *Saxton v. SAIF,* 80 Or App 631, 723 P2d 355, *rev den* 302 Or 159 (1986).

■　Employer contends that, because entitlement to attorney fees is not a matter concerning a claim and because the Director has no statutory authority to award attorney fees in a vocational assistance matter, the Board lacks authority to award attorney fees for such claims. We disagree. After seeking review of her claim for vocational assistance through the administrative review process, as required by the statute, claimant was authorized to appeal the Director's decision, which she did. ORS 656.283(2) limits the Board's authority to modify the Director's decision. However, it does not limit the Board's authority to act on ancillary issues, such as attorney fees, that are outside the Director's authority and for which the Board has separate authority. As discussed in our earlier opinion, ORS 656.382(1) gives the Board authority to award attorney fees in this type of case.

Claimant has moved for reconsideration. We deny the motion.

Reconsideration allowed; opinion modified and adhered to as modified. Motion for reconsideration denied.