Argued and submitted December 30, 1991, affirmed August 12, 1992

In the Matter of the Compensation of
Earnest E. Lasley, Claimant.

Earnest E. LASLEY,
*Petitioner,*

*v.*

ONTARIO RENDERING
and SAIF Corporation,
*Respondents.*

(89-21542; CA A68972)

836 P2d 184

Clayton C. Patrick, Salem, argued the cause for petitioner. Douglas J. Rock, J. Robert Moon, Jr., and Coughlin, Leuenberger & Moon, P.C., Ontario, filed the brief for petitioner.

Steven R. Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board reversing the referee's decision on review of an order of the Director of the Department of Insurance and Finance concerning claimant's eligibility for vocational assistance.

This is the first case in which we are asked to address the scope of, and standard for, review of a decision of the Director pursuant to ORS 656.283(2), concerning vocational assistance. The Director determined that claimant was disqualified from vocational services under OAR 436-120-045(7), which provided that the eligibility of a worker for those benefits ends when "[t]he worker has failed, after written warning, to cooperate in the development of a return-to-work plan." The referee modified the Director's decision, concluding that the facts support only the conclusion that claimant was disqualified from receiving benefits under OAR 436-120-045(10), which provided that the eligibility of a worker for vocational assistance ends when "[t]he worker's lack of suitable employment cannot be resolved by currently providing vocational assistance." Under those circumstances, claimant would be eligible for services later when they could be of assistance to him.

The Board concluded that the referee had erred and held that the Director had not abused his discretion in disqualifying claimant under OAR 436-120-045(7). It reversed the referee. The Board also held that, having been disqualified under that section, claimant is ineligible for benefits in the future. On review, claimant contends that his entitlement to services would have been more appropriately terminated pursuant to OAR 436-120-045(10), and he argues that the Director abused his discretion in not terminating benefits pursuant to that subsection.

ORS 656.283 provides, in part:

"(1)   Subject to subsection (2) of this section and ORS 656.319, any party or the director may at any time request a hearing on any question concerning a claim.

"(2) If a worker is dissatisfied with an action of the insurer or self-insured employer regarding vocational assistance, the worker must first apply to the director for administrative review of the matter before requesting a hearing on that matter. Such application must be made not later than the 60th day after the date the worker was notified of the action. The director shall complete the review within a reasonable time, unless the worker's dissatisfaction is otherwise resolved. The decision of the director may be modified only if it:

"(a) Violates a statute or rule;

"(b) Exceeds the statutory authority of the agency;

"(c) Was made upon unlawful procedure; or

"(d) Was characterized by abuse of discretion or clearly unwarranted exercise of discretion.''

The remainder of the section deals generally with the process for requesting a hearing on a claim, the assignment of the case by the Board to a referee, the making of a record and the hearing procedure.

OAR 436-120-210 is the administrative rule relating to vocational assistance disputes. It provides, in part:

"(1) Under ORS 656.283, a worker must first apply to the Director for administrative review of a vocational assistance matter before requesting a hearing on the matter. * * * An order of the Director under section (6) of this rule constitutes such a review.

"* * * * *

"(6) If a worker's dissatisfaction about a vocational assistance matter has not been resolved by a conference or otherwise, the Director will issue a written decision within a reasonable time. This decision will be the final order of the Director in the matter, as prescribed in ORS 656.283. Appeal may be made as provided in that statute, but shall not stay compliance with the order.''

Under both the statute and the rule, if a worker is dissatisfied with the insurer's or self-insured employer's action concerning vocational assistance, he must seek administrative review by the Director before requesting a hearing. Neither the statute nor the administrative rule requires the Director to hold a hearing, to create a record or to make findings in support of his decision on a vocational assistance

matter. That is consistent with the legislature's apparent intention to encourage informal and expeditious resolution of vocational assistance disputes. *See SAIF v. Severson,* 105 Or App 67, 70, 803 P2d 1203 (1990), *mod* 109 Or App 136, 817 P2d 1352 (1991). Claimant sought review by the Director and, after an investigation by agency staff, the Director issued a written order concluding that claimant had failed, after several written warnings, to cooperate with his vocational consultant and is therefore disqualified pursuant to OAR 436-120-045(7) from receiving vocational assistance.

If a worker is dissatisfied with the Director's order, he may request a hearing, pursuant to ORS 656.283. A referee then reviews the Director's decision. The question is how the referee and, subsequently, the Board and this court determine whether the Director's decision is subject to modification for one of the reasons described in ORS 656.283(2). The statute does not tell us how the process is to be carried out.

Under ORS 656.283(2), the hearing to which a claimant is entitled must be for the purpose of determining the historical facts relevant to the dispute. That responsibility is unaffected by the scope of review limitations in subsections (a) through (d). On the basis of that record, the referee may make findings of ultimate fact to determine whether the Director's order is subject to modification for any of the specific reasons in ORS 656.283(2). On review, to determine whether the Director's order is subject to modification, the Board reviews the record made by the referee but may make findings of ultimate fact different from those made by the referee. This court, however, reviews the Board's decision only for errors of law and substantial evidence. ORS 656.298; ORS 183.482.

Claimant contends that the Director abused his discretion in determining that SAIF had properly terminated vocational assistance pursuant to OAR 436-120-045(7), rather than subsection (10) of that rule, by failing to give more weight to reports that his psychological condition was not medically stationary. The Board said:

"[W]e cannot conclude that the Director abused his discretion by finding that SAIF properly terminated claimant's

vocational assistance due to his failure, after written warning, to cooperate in the development of his return-to-work plan. The record supports the Director's conclusion that claimant was provided with written warnings that his eligibility would be terminated if he did not take steps to maintain contact and participate in the provided services. The record also supports the conclusion that claimant did not comply with the written warnings.

"In reaching his conclusion, the Director arguably could have applied OAR 436-120-0[45](10) and determined whether termination of services was proper due to the fact that claimant's lack of suitable employment could not be resolved by currently providing vocational assistance. However, we do not find that it was an abuse of discretion for the Director to base his conclusion upon OAR 436-120-0[45](7). We are unconvinced that, even if claimant was not medically stationary at the time of termination of vocational services, his status precluded him from cooperating in the development of a return-to-work plan, as prescribed by that rule.

"Moreover, even if the Director's authorization of termination properly could have been based upon more than one administrative rule (i.e., OAR 436-120-0[45](7) and OAR 436- 120-0[45](10)), we cannot conclude that it was an abuse of discretion for the Director to place more reliance upon one of those rules in arriving at his conclusion."

The Board's determination that the Director did not abuse his discretion in disqualifying claimant under subsection (7) rather than subsection (10) is supported by the Board's findings and is not erroneous as a matter of law.

Affirmed.