Argued and submitted November 13, 1991, resubmitted In Banc October 14, affirmed on both petitions December 9, 1992, reconsideration denied February 17, petition for review allowed March 23, 1993 (315 Or 643)

In the Matter of the Compensation of
Richard A. Colclasure, Claimant.

Richard A. COLCLASURE,
*Petitioner,*

*v.*

WASHINGTON COUNTY
SCHOOL DISTRICT NO. 48-J,
*Respondent.*

(88-15666; CA A67543 (Control))

In the Matter of the Compensation of
Richard Colclasure, Claimant.

Richard COLCLASURE,
*Petitioner,*

*v.*

BEAVERTON SCHOOL DISTRICT
NO. 48-J,
*Respondent.*

(89-05949; CA A67666)
(Cases Consolidated)

843 P2d 953

Merrill Schneider, Portland, argued the cause and filed the brief for petitioner.

Patric J. Doherty, Portland, argued the cause for respondents. With him on the brief was VavRosky, MacColl, Olson, Doherty & Miller, P.C., Portland.

DEITS, J.

Buttler, J., concurring.

Durham, J., dissenting.

**DEITS, J.**

In the first of these consolidated petitions, claimant seeks review of the Workers' Compensation Board's reversal of a referee's order reversing the decision of the Director of the Department of Insurance and Finance (Director) that claimant is not eligible for vocational assistance. In the second petition, claimant seeks reversal of the Board's decision that he was not entitled to vocational assistance between the time that the referee found him eligible and the time that the Board reversed the referee. We affirm both orders.

The basis for the Director's decision that claimant is not eligible for vocational assistance was that claimant had left his job for reasons unrelated to his compensable injury. The Director concluded, "There is no causal link between the injury and the need for vocational assistance." *See* OAR 436-120-040(7); OAR 436-120-045(3). Claimant sought a hearing before the referee, who made findings, including that claimant *did* leave his job for reasons related to the injury and concluded that claimant is eligible for assistance. Employer sought Board review. The Board concluded, in effect, that the referee exceeded his review authority under the limited authority that ORS 656.283(2) provides for "modifying" a decision of the Director concerning eligibility for vocational assistance. The Board reasoned that the evidentiary record before the referee supplied a reasonable basis for the Director's finding, whether or not it also supported the opposite finding of the referee, and that, therefore, the Director did not abuse his discretion and, under ORS 656.283(2), his decision could not be modified.

ORS 656.283(2) allows a modification of the Director's decision only if it

"(a) Violates a statute or rule;

"(b) Exceeds the statutory authority of the agency;

"(c) Was made upon unlawful procedures; or

"(d) Was characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Claimant argues that the Board interpreted ORS 656.283(2) too narrowly and that, under a proper interpretation, the

referee is the primary fact finder and may reverse an eligibility decision by the Director if the facts that the referee finds differ from the facts on which the Director relied, explicitly or implicitly.[1]

In *Lasley v. Ontario Rendering*, 114 Or App 543, 547, 836 P2d 184 (1992), we construed the unusual review procedures of ORS 656.283(2):

> "Under ORS 656.283(2), the hearing to which a claimant is entitled must be for the purpose of determining the historical facts relevant to the dispute. That responsibility is unaffected by the scope of review limitations in subsections (a) through (d). On the basis of that record, the referee may make findings of ultimate fact to determine whether the Director's order is subject to modification for any of the specific reasons in ORS 656.283(2). On review, to determine whether the Director's order is subject to modification, the Board reviews the record made by the referee but may make findings of ultimate fact different from those made by the referee. This court, however, reviews the Board's decision only for errors of law and substantial evidence. ORS 656.298; ORS 183.482."

■ In this case, it is necessary to decide the effect of findings made by the referee and the Board in performing their limited scope of review in this type of case. Although claimant recognizes that the language of ORS 656.283(2) defines the grounds for modification of a Director's decision by the referee or Board, he argues that the Director's decision can be reversed if the referee or Board find facts different from the ones found or relied on by the Director. We disagree. There are numerous statutes in Oregon giving reviewing courts and agencies the authority to reverse an erroneous finding or errors in the fact finding process. Had the legislature intended the Director's decision to be subject to modification because of a fact finding error, it could have said so, as it has done in those other instances.

Claimant is not aided by his attempt to characterize the Director's decision as an abuse of discretion. Although some decisions involving the determination or application of facts might constitute an abuse of discretion, the *only* error

---

[1] The Director is not required to conduct a hearing or to make findings. Here, however, he did make what amounted to findings.

that is or can be asserted here is that, according to the referee, the Director was incorrect in his finding. It would be inconsistent with the purpose of the statutes relating to vocational rehabilitation — to encourage informal and expeditious resolution of vocational assistance disputes — to allow a decision by the Director to be reversed on a ground that the statute does not permit simply by relabeling it.[2]

The dissent would hold that the Board was incorrect in its starting premise that the referee is not the "primary fact finder" and that, therefore, we should remand to the Board for reconsideration under a correct understanding of the role that the statute assigns the referee. The dissent's point is wholly unresponsive to the decisive issue — whether the Director's decision can be reversed by the referee solely because their views of the facts differ. If the Board's understanding of the statute was wrong in the way that the dissent maintains, the most that the dissent demonstrates is that the Board's holding was right for the wrong reasons. No purpose can be served by requiring the Board to reconsider the case under a different understanding of the statute when both understandings must lead to the same result. Labeling the referee as the "primary fact finder" does not alter the clear impact of the statutes that an error of fact cannot serve as a basis in itself for reversing the Director's decision.

■ Claimant also argues that, under the Board's interpretation of ORS 656.283(2) and presumably ours, he was denied a meaningful hearing and his due process rights were violated. He reasons that the Director conducts *no* hearing and that the referee's hearing is essentially a meaningless exercise that can result in no relief, at least none based on any

---

[2] We said in *Lasley v. Ontario Rendering, supra,* that, after conducting the hearing, "the referee may make findings of ultimate fact to determine whether the Director's order is subject to modification for any of the specific reasons in ORS 656.283(2)." 114 Or App at 547. That language is not contrary to our conclusion here that a referee's finding of fact that differs from the Director's express or implied finding on the same question cannot serve as a basis for modification. That issue was not presented or decided in *Lasley.* The language in *Lasley* concerns a situation where a finding by the referee gives rise to a modification based on one of the four grounds specified in ORS 656.283(2). For example, if the referee had found that the Director decided a claim by flipping a coin or that he had refused to give the parties an equal opportunity to present their positions, modification of the decision on that basis would be permissible under one of the statutory grounds. *Lasley* did not add a fifth ground not found in the statute.

facts disclosed at the hearing. Claimant relies on *Carr v. SAIF*, 65 Or App 110, 670 P2d 1037 (1983), *rev dismissed* 297 Or 83 (1984), where we held that the claimant had a constitutionally protected property interest in temporary total disability benefits and that their payment could not be suspended without an appropriate hearing and related procedures. This case differs in that claimant never became eligible for vocational assistance. He had no property interest before an eligibility decision. The court said in *Board of Regents v. Roth*, 405 US 564, 577, 925 S Ct 2701, 33 L Ed 2d 548 (1972), as we quoted in *Carr v. SAIF, supra*, 65 Or App at 117:

> "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."

We do not find claimant's constitutional argument persuasive.[3]

Our disposition of the arguments that we have addressed makes it unnecessary for us to reach the other contentions that claimant makes in connection with the first petition.

■ In his second petition, claimant argues that he was entitled to vocational services between the time of the referee's and the Board's decisions. He relies on the version of ORS 656.313(1) that was in effect at the relevant times and on *former* ORS 656.313(4), that was repealed by Or Laws 1990, ch 2, § 23. ORS 656.313(1) then required payment of "compensation" during the pendency of Board and court review initiated by an employer. Subsection (4) provided:

> "Notwithstanding ORS 656.005, for the purpose of this section, 'compensation' means benefits payable pursuant to the provisions of ORS 656.204 to 656.208, 656.210 and 656.214 and does not include the payment of medical services."

Vocational assistance is governed by ORS 656.340. Although, unlike medical service payments, it was not specifically excluded by *former* ORS 656.313(4), neither was it

---

[3] The basis for our rejection of the argument makes it unnecessary for us to decide whether its other premises are correct.

specifically included. Claimant relies on *Georgia-Pacific v. Hughes*, 305 Or 286, 751 P2d 775 (1988), where the court held that, although the claimant's interim compensation was payable under ORS 656.262, which is not one of the statutes enumerated in *former* ORS 656.313(4), it was nevertheless "compensation" for the purposes of ORS 656.313 because the nature of interim compensation is the same as the types of compensation listed in ORS 656.313(4), namely death and permanent total disability, temporary total disability and permanent partial disability.

As the Board's opinion explains, the payments that were included under *former* ORS 656.313(4) are those "that are paid directly to the claimant to replace or supplement wages or loss of earnings." The purpose of ORS 656.313 was to prevent employers "from taking away sources of income" and thereby "wearing down" injured workers during the review process. The Board concluded that vocational assistance "is not a benefit which directly provides for maintenance of the injured worker," and it is not a form of compensation for purposes of ORS 656.313.[4] ORS 656.313(4) does not include vocational assistance in its definition of compensation, and we agree with the Board that it should not be read into the statute.

Affirmed on both petitions.

**BUTTLER, J.,** concurring.

Although I agree generally with the majority's disposition of the case, its discussion of the review of the decision of the Director of the Department of Insurance and Finance with respect to claimant's eligibility for vocational assistance is confusing. It is apparent that the language from *Lasley v. Ontario Rendering*, 114 Or App 543, 836 P2d 184 (1992), that is quoted by, and relied on, by both the majority and the dissent, is ambiguous. Rather than attempt to explain my understanding of that language, I will simply state that I believe that the Board in this case was correct.

---

[4] Vocational assistance may be a form of compensation under other provisions of the workers' compensation law. *See SAIF v. Severson*, 105 Or App 67, 803 P2d 1203 (1990), *modified* 109 Or App 136, 817 P2d 1352 (1991).

The essence of the Board's decision is that the referee's function at the hearing to which claimant was entitled is to make a record. On the basis of that record, the referee determines whether the Director's order involved an abuse of discretion, assuming that his order was based on the record made by the referee. The referee does not determine how the evidence preponderates or whether there is substantial evidence to support the Director's order. The Board then reviews the same record and makes the same determination. In this case, the Board held that it can reasonably be concluded from the record made at the hearing that claimant left work because of a noncompensable psychological condition. Accordingly, it reversed the referee and affirmed the Director's order. The Board was correct with respect to both the function of the referee and of the Board.

Concededly, the statutory process dictated by ORS 656.283(2) is peculiar and, perhaps, unfair to claimants. However, that is a question for the legislature to resolve.

Warren, Rossman and Edmonds, JJ., join in this concurring opinion.

**DURHAM, J.,** dissenting.

In this proceeding under ORS 656.283(2), the issue is whether the referee and the Board can base their review decision on factual findings from the hearing record that differ from the factual determinations of the Director. We considered that question in *Lasley v. Ontario Rendering*, 114 Or App 543, 547, 836 P2d 184 (1992), and held that the referee's responsibility to find the historical facts is unaffected by the review limitations in ORS 656.283(2):

> "*Under ORS 656.283(2), the hearing to which a claimant is entitled must be for the purpose of determining the historical facts relevant to the dispute. That responsibility is unaffected by the scope of review limitations in subsections (a) through (d).* On the basis of that record, the referee may make findings of ultimate fact to determine whether the Director's order is subject to modification for any of the specific reasons in ORS 656.283(2). On review, to determine whether the Director's order is subject to modification, the Board reviews the record made by the referee but may make findings of ultimate fact different from those made by the referee. This court, however, reviews the Board's decision

only for errors of law and substantial evidence. ORS 656.298; ORS 183.482." (Emphasis supplied.)

The majority alters the referee's role, holding that the referee must defer to implicit or explicit "findings" by the Director.[1] Because that misstates the referee's responsibility and contradicts *Lasley*, I dissent.

The Director held no hearing and made no evidentiary record. He concluded, on the basis of his informal review, that there was no causal link between claimant's back injury and the need for vocational assistance and that he had left his job due to psychological stress, not because of an inability to perform. After a hearing, the referee concluded that claimant was eligible for vocational assistance, because he had left his "custodian job on medical advice that work of that type would cause additional low back surgery in the future." On review, the Board reversed, but misstated the referee's factfinding responsibility:

"The referee does not determine how the evidence preponderates or even if there is substantial evidence to support the director's order."

The Board held that the scope of review limitations in ORS 656.283(2)(a)-(d) restrict the referee's role as factfinder and require him to defer to the Director's view of the facts unless it is "clearly against reason and evidence."

As *Lasley* demonstrates, that analysis is incorrect. The referee finds the historical facts. Even the majority acknowledges that, according to *Lasley*, the referee and Board follow their ordinary hearing procedures in hearing the evidence and finding the facts. On the basis of the findings, the referee determines whether the Director's decision is erroneous under ORS 656.283(2)(a)-(d). The referee does not merely determine, as the Board erroneously held, whether any evidence supports the Director's decision. As *Lasley* held, nothing in the statute suggests that the legislature intended

---

[1] The majority incorrectly assumes that the director makes findings of fact to support his proposed resolution. Whether findings accompany the director's order is fortuitous because, as *Lasley v. Ontario Rendering, supra*, noted:

"Neither the statute nor the administrative rule requires the Director to hold a hearing, to create a record or to make findings in support of his decision on a vocational assistance matter." 114 Or App 546.

the statutory review limitations to alter the referee's responsibility to find the historical facts.

The majority is not correct in suggesting that that reading of *Lasley* would add "factual error" to the grounds for modification in the statute. The Board and the majority assume that the Director's decision is based on an administrative hearing that results in findings based on evidence and a decision based on those findings. The assumption is false. The parties' only opportunity for an administrative hearing is that which occurs before the referee and the Board. The findings from that hearing state the factual context in which the Board reviews the Director's decision under ORS 656.283(2). The Board has no reason to decide whether the Director made an "error of fact," because the Board relies solely on its own findings. It does not examine whatever factual assumptions the Director may have made, because they are irrelevant to the Board's review. *Lasley* correctly held that the relevant facts are those found by the referee and the Board. The majority ignores *Lasley* in declaring that the Board is forbidden to determine the facts and rely on its own findings and is compelled to agree with the Director's factual impressions, even though they may be strongly contradicted by the evidence submitted to the referee.[2]

The majority's restriction on Board review creates a serious practical problem that the Legislature clearly did not intend. ORS 656.283 entitles any party to a *hearing*, including the usual administrative procedures that accompany a hearing, such as findings based on the record and a decision based on findings supported by substantial evidence. Even

---

[2] The Director found no evidence that claimant stopped working because of a worsening of his back condition. However, the referee found:

"The undisputed testimony at the hearing was that claimant left the custodian job on medical advice that work of that type would cause additional low back surgery in the future. The undersigned is not aware of any statute rule or case law that requires claimant to endanger himself in order to satisfy vocational eligibility rules."

The referee's finding, if accepted by the Board, would support a conclusion that the Director violated a statute or rule or abused his discretion. ORS 656.283(2)(a), (d). However, the Board erroneously believed that it was obligated to ignore the referee's finding if "any evidence" in the record supported the Director's factual determination. This court should instruct the Board that, under the statute and *Lasley v. Ontario Rendering, supra*, the Board is obligated to review the Director's decision on the basis of its own findings of historical fact.

though the Director holds no hearing, receives no evidence, finds no facts or makes incomplete findings and publishes no final order, the majority holds that the parties are confined to the Director's factual impressions, such as they are, and may not adduce evidence before the referee to establish facts different than those assumed by the Director. That construction effectively eliminates the right to a hearing before the Board. The net result is that, under the majority's construction, the parties have no right to a true hearing before either the Director or the Board. We cannot ascribe to the legislature an intention to create such an absurd result.

We should adhere to *Lasley* and remand this proceeding to the Board for reconsideration under a correct interpretation of the law. The referee did not err in finding the historical facts and reviewing the Director's decision in the light of those findings. Under *Lasley*, that is precisely the responsibility of the referee and the Board. I cannot concur in the majority's creation of a convoluted procedural restriction that is unsupported by the statute or common sense.

I dissent.

Riggs and De Muniz, JJ., join in this dissent.