Argued and submitted April 14, affirmed September 29, 1993, reconsideration
denied January 12, petition for review pending 1994

In the Matter of the Compensation of
Steven Harsh, Claimant.

Steven C. HARSH,
*Petitioner,*

*v.*

HARSCO CORPORATION
and Cigna Insurance Company,
*Respondents.*

(WCB 90-21949; CA A75203)

859 P2d 1178

Merrill Schneider, Portland, argued the cause for peti-
tioner. With him on the brief were Daniel J. DeNorch and
Schneider & DeNorch, Portland.

Craig A. Staples, Portland, argued the cause for respon-
dents. With him on the brief was Roberts, Reinisch, MacKen-
zie, Healey & Wilson, P.C., Portland.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board that upheld an order of the Director of the Department of Insurance and Finance, which denied claimant's request for vocational assistance. We affirm.

Claimant suffered a compensable injury in 1979. After his aggravation rights had expired, he sought vocational assistance, which was denied. Claimant requested administrative review of the denial by the director, pursuant to ORS 656.283(2). The director concluded that claimant was not eligible for vocational assistance, because claimant did not have a substantial handicap to employment. Claimant requested a hearing, and the referee held that claimant was not entitled to vocational assistance, because his claim was in own motion status and ORS 656.278 does not authorize vocational services. The Board affirmed the denial of vocational services. It rejected the referee's basis for decision, explaining that that issue was not properly before it, because the director did not base his conclusion on that ground. Instead, it reviewed the director's order pursuant to ORS 656.283(2), and concluded that none of the reasons specified by statute for modification of the director's order existed. Therefore, it affirmed.

Claimant argues first that the Board's order is not sufficient for judicial review. We reject that argument without discussion. He also argues that the Board was wrong in upholding the director's order, because that order violated ORS 656.340, which sets out the eligibility criteria for vocational assistance. Employer responds that the Board's order should be affirmed, because a claimant whose claim is in own motion status cannot be eligible for vocational assistance.

■ The preliminary question is how we review the Board's order that, in turn, reviews a director's order under ORS 656.283. The Board may modify the decision of the director only if it:

"(a)  Violates a statute or rule;

"(b)  Exceeds the statutory authority of the agency;

"(c)  Was made upon unlawful procedure; or

"(d)   Was characterized by abuse of discretion or clearly unwarranted exercise of discretion." ORS 656.283(2).

We review the Board's order for errors of law and substantial evidence. ORS 656.298; *Colclasure v. Wash. County School Dist. No. 48-J*, 117 Or App 128, 843 P2d 953 (1992), *rev'd on other grounds* 317 Or 526, 857 P2d 126 (1993); *Lasley v. Ontario Rendering*, 114 Or App 543, 836 P2d 184 (1992).

Employer argues that, under ORS 656.278(1), when a claimant's aggravation rights have expired, the claimant may obtain additional benefits only pursuant to the Board's own motion authority. That authority, according to employer, is limited to directing payment of certain medical benefits and temporary disability compensation. There is no authority for granting vocational assistance to a claimant in own motion status. We agree with employer that, if a claimant who is in own motion status is not eligible for vocational assistance under ORS 656.278, then the director's order denying that assistance, and the Board's order upholding that denial, should be affirmed. Therefore, the first question is whether a claimant seeking benefits under ORS 656.278 is eligible for vocational services.

ORS 656.278 provides, in part:

"(1)   Except as provided in subsection (5) of this section, the power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified in those cases in which:

"(a)   There is a worsening of a compensable injury that requires either inpatient or outpatient surgery or other treatment requiring hospitalization. In such cases, the board may authorize the payment of temporary disability compensation from the time the worker is actually hospitalized or undergoes outpatient surgery until the worker's condition becomes medically stationary, as determined by the board[.]"

In *Independent Paper Stock v. Wincer*, 100 Or App 625, 788 P2d 466, *rev den* 310 Or 195 (1990), we explained that, before the 1987 amendments to ORS 656.278, that statute contained broad language that authorized the Board, on its own motion, to modify, change or terminate benefits if it concluded that such action was justified. In 1987, however, the

legislature added "limiting language abolishing the Board's authority to award permanent disability benefits on own motion claims." 100 Or App at 628. (Footnote omitted.) We adhered to that view in *State ex rel Borisoff v. Workers' Comp. Board*, 104 Or App 603, 802 P2d 98 (1990). The premise of those decisions is that the workers' compensation system is purely a creature of statute, *see Wright v. Bekins Moving & Storage Co.*, 97 Or App 45, 49, 775 P2d 857, *rev den* 308 Or 466 (1989), and that a claimant is entitled only to those benefits that are authorized by statute.

■    The inevitable extension of that premise and those cases is that the only benefits available to a claimant whose aggravation rights have expired are those referred to in ORS 656.278(1). For a claimant whose injury occurred on or after January 1, 1966, the statute provides only for the payment of certain medical benefits and temporary disability compensation for the time allowed by statute. ORS 656.278(1)(a). There is no statutory authority for an award of any other additional benefits, including vocational services. It follows that the director's order denying claimant vocational assistance was correct, although for a reason different from that stated in his order.

Affirmed.