Argued and submitted July 16, reversed and remanded October 9, respondent's petition for reconsideration filed October 30 allowed by opinion December 26, 2002
See 185 Or App 521 (2002)

In the Matter of the Compensation of
Stanley W. Talley, Claimant.

Stanley W. TALLEY,
*Petitioner,*

*v.*

BCI COCA COLA BOTTLING,
*Respondent.*

96-09870; A113826

55 P3d 558

Donald M. Hooton argued the cause and filed the briefs for petitioner.

Jerald P. Keene argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

BREWER, J.

## BREWER, J.

Claimant seeks review of an order of the Workers' Compensation Board (board) dismissing for lack of jurisdiction his request for hearing concerning employer's notice of closure, which employer issued after claimant's certified vocational counselor terminated claimant's authorized training program (ATP) for lack of cooperation. Because we conclude that the board's Hearings Division had jurisdiction to consider claimant's request for hearing as a "matter concerning a claim," ORS 656.283(1),[1] we reverse and remand.

Claimant injured his back in 1977 while working for employer's predecessor. He filed a workers' compensation claim for the injury, and the claim ultimately was closed. In 1982, claimant filed a claim for aggravation, and employer accepted the claim. After employer again closed the claim, claimant requested a hearing, seeking vocational assistance and contending that the claim had been closed prematurely. An administrative law judge (ALJ) determined that the claim should be reopened, but also concluded that claimant was not then eligible for vocational assistance because there was a chance that his condition would improve and he was not then living in Oregon.

Claimant became medically stationary on May 7, 1987, and the aggravation claim was closed in July 1987. Ultimately, claimant received an award of 60 percent unscheduled permanent partial disability. The parties agree that claimant's aggravation rights on his original claim expired in October 1983. After that date, the claim was in "board own motion" status.

In 1991, claimant moved back to Oregon. In August 1991, employer determined that claimant was eligible for vocational assistance and reopened the claim for the purpose

---

[1] ORS 656.283(1) provides:

"Subject to ORS 656.319 [relating to matters not relevant here], any party or the Director of the Department of Consumer and Business Services [(DCBS)] may at any time request a hearing on any matter concerning a claim, except matters for which a procedure for resolving the dispute is provided in another statute, including ORS 656.245, 656.248, 656.260, 656.327 and subsection (2) of this section."

of providing vocational assistance. Employer began paying claimant benefits for temporary total disability, and claimant began an ATP to enable him to complete a bachelor's degree and gain some work experience. The parties agree that employer did not seek to have the claim reopened under the board's own motion jurisdiction and that it would not have been subject to reopening under the board's own motion jurisdiction. The parties also agree that the vocational assistance was provided pursuant to the procedures set forth in ORS 656.340.

The vocational counselor terminated claimant's ATP in February 1993 due to claimant's alleged lack of cooperation. Claimant challenged the termination without success. On March 19, 1993, the director of the former Department of Insurance and Finance (DIF) issued an order determining that claimant was no longer eligible for vocational assistance. Meanwhile, on March 17, 1993, employer had issued a conventional notice of closure, awarding claimant time loss benefits for the period during which he participated in the ATP but no additional permanent partial disability. The notice of closure instructed claimant that, if he was dissatisfied, he could request reconsideration with the appellate unit of DIF.

Claimant requested a hearing, challenging both the director's order ending his eligibility for vocational assistance and the notice of closure. In July 1994, the ALJ abated the director's order, reinstated claimant's eligibility for vocational assistance, and held that the determination of the extent of claimant's disability should await the completion of the vocational program. However, the ALJ made no disposition with regard to the notice of closure. Claimant requested reconsideration of the ALJ's order, seeking to have the notice of closure set aside as premature. The ALJ abated his first order, but before he could issue an order on reconsideration the legislature amended ORS 656.283(3)(c) to provide that the director has exclusive jurisdiction over review of the director's orders regarding vocational assistance. Or Laws 1995, ch 332, § 34. In November 1996, the ALJ issued an order dismissing for lack of jurisdiction claimant's request for hearing from the director's order terminating his eligibility for vocational assistance and also set aside the previous abatement of the director's order. The board affirmed the

ALJ, concluding that the 1995 legislative changes applied retroactively to pending cases and that the board's Hearings Division no longer had jurisdiction to consider challenges to the director's vocational assistance orders.

Claimant exhausted his administrative remedies before the director concerning his eligibility for vocational assistance. In March 1997, a hearing officer for the Workers' Compensation Division upheld the director's order terminating claimant's eligibility for vocational assistance. That order became final.

However, claimant's hearing request regarding the notice of closure remained pending before the Hearings Division. On July 10, 2000, the ALJ issued an order determining that, because claimant's aggravation rights had expired, claimant's claim was within the board's own motion jurisdiction, ORS 656.278, under which there is no entitlement to vocational assistance. The ALJ reasoned, however, that, when an employer reopens such a claim under ORS 656.278(5), "it is appropriate" that own motion procedures govern the closure of the claim. Accordingly, the ALJ held that review of employer's closure of the claim for vocational assistance would be under the board's own motion jurisdiction and that the board's Hearings Division did not have jurisdiction to consider claimant's objections to the notice of closure.

The board affirmed the ALJ's dismissal of the hearing request. One board member dissented, reasoning that, when a claim is reopened for vocational assistance, the claimant has an independent right to a redetermination of the extent of disability, even if the claim is in "own motion" status. The dissenting member further reasoned that, at the relevant time, ORS 656.268(8) provided that, after the termination of an ATP, the department is to reconsider the worker's disability, and employer therefore did not have authority to issue a notice of closure. Accordingly, the dissent concluded, employer's notice of closure was a nullity.

Lurking in this dispute is the underlying issue of claimant's original *eligibility* for vocational assistance under ORS 656.340 in light of the fact that his aggravation rights had expired when employer reopened the claim. Citing

*Harsh v. Harsco Corp.*, 123 Or App 383, 859 P2d 1178 (1993), *rev den*, 318 Or 661 (1994), employer asserts that the only benefits available to a claimant whose aggravation rights have expired are those listed in ORS 656.278, and they do not include vocational assistance. In employer's view, therefore, claimant had no lawful entitlement to vocational assistance. Employer argues that, because it reopened the claim and provided benefits to claimant gratuitously, it should be permitted to close the claim without any further obligation. As employer acknowledges, however, the narrow question presented here is whether the board's Hearings Division had jurisdiction over claimant's request for a hearing under ORS 656.283(1) as a "matter concerning a claim." Unlike *Harsh*, this case does not concern the board's authority to award vocational assistance on its own motion. Employer awarded vocational assistance independently and irrespective of the board's own motion authority. The only issue presented here is whether the board's Hearings Division could consider claimant's request for hearing on the processing of the claim after claimant was no longer participating in the ATP. Accordingly, we do not address the question of whether claimant was eligible for vocational assistance when employer reopened the claim.

There are two possible paths by which this claim could have been processed after employer terminated claimant's ATP. The first follows ORS 656.268(8) (1991), which, at the time of closure, applied generally to the processing of claims that are reopened for vocational assistance. ORS 656.268(8) (1991) provided:

> "If, after the determination made or notice of closure issued pursuant to this section, the worker becomes enrolled and actively engaged in training according to rules adopted pursuant to ORS 656.340 and 656.726, any permanent disability payments due under the determination or closure shall be suspended, and the worker shall receive temporary disability compensation while the worker is enrolled and actively engaged in training. When the worker ceases to be enrolled and actively engaged in the training, [the department] shall reconsider the claim pursuant to this section unless the worker's condition is not medically stationary. If the worker has returned to work, the insurer or self-insured employer may reevaluate and close the

claim without the issuance of a determination order by the [the department]."

Claimant was medically stationary when the ATP terminated, and he had not yet returned to work. If ORS 656.268(8) (1991) governed the closure of the claim, employer had no authority to close it; rather, the claim was subject to reconsideration by the department pursuant to ORS 656.268.

The second possibility is that, because claimant's aggravation rights had expired and the claim was in own motion status at the time it was reopened, the closure was subject to the board's own motion procedures under ORS 656.278 (1995), which provided, in part:

"(1)  Except as provided in subsection (6) of this section, the power and jurisdiction of the Workers' Compensation Board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified in those cases in which:

"(a)  There is a worsening of a compensable injury that requires either inpatient or outpatient surgery or other treatment requiring hospitalization. * * *

"* * * * *

"(2)  *Benefits provided under subsection (1) of this section do not include vocational assistance benefits under ORS 656.340.*

"* * * * *

"(4)  The claimant has no right to appeal any order or award made by the board on its own motion, except when the order diminishes or terminates a former award. The employer may appeal from an order which increases the award.

"(5)  *The insurer or self-insured employer may voluntarily reopen any claim to provide benefits or grant additional medical or hospital care to the claimant.*"

(Emphasis added.) Thus, a claim falls within the board's own motion authority if the claimant's condition worsens after the expiration of the claimant's aggravation rights and the worsening necessitates hospitalization. ORS 656.278(1)(a). The board has adopted rules for the processing of claims that are

reopened under its own motion jurisdiction. OAR 438-012-0055 provides that a claim voluntarily reopened by the employer under the board's own motion "shall be closed by the insurer without issuance of a Board order when the claimant's condition becomes medically stationary." The board reviews such a notice of closure under its own motion authority pursuant to ORS 656.278 and OAR 438-012-0060.

■ The question here is which of the above two procedural paths applies to the closure of claimant's claim. The claim was not within the board's own motion authority, because claimant's condition did not worsen so as to require hospitalization. Employer concedes that it never sought to have the claim processed as an own motion claim and that the claim was not reopened under the board's own motion jurisdiction. Employer asserts nonetheless that the claim, which it suggests that it reopened pursuant to ORS 656.278(5), should be closed under the board's own motion procedures. We disagree.

Employer is correct that ORS 656.278(5) authorizes an employer to reopen a claim voluntarily to provide additional benefits. Although subsection (5) is within ORS 656.278, which relates to the board's own motion jurisdiction at the relevant time, that subsection did not limit the voluntary reopening of a claim to those cases that are within the board's own motion jurisdiction.[2] By contrast, claims that are reopened under the board's own motion authority are processed pursuant to the board's administrative rules. A claim that is not within the board's own motion jurisdiction and that is not reopened under the board's own motion authority is not subject to the procedures for own motion closure. OAR 438-012-0018 provides that the board's own motion processing rules "apply to claims in which a request for compensation under the board's own motion jurisdiction is in existence on or after the effective date of these rules." Here, claimant

---

[2] We note that in 2001, the legislative assembly amended ORS 656.278(5). It currently provides:

"The insurer or self-insured employer may voluntarily reopen any claim to provide benefits allowable under this section or to grant additional medical or hospital care to the claimant. The board shall establish procedures for the resolution of disputes arising out of a voluntary reopening of a claim under this section."

did not request compensation under the board's own motion jurisdiction, and the claim was not reopened under the board's own motion jurisdiction. We conclude, accordingly, that the claim is not subject to the board's own motion procedures for closure.

■    That leaves only one path for the processing of the reopened claim. ORS 656.268(8) (1991) provided that, when a claim is reopened for vocational assistance and the claimant ceases to be enrolled in a training program, "[the department] shall reconsider the claim." The department's reconsideration is to be implemented through an order on reconsideration under ORS 656.268. Pursuant to ORS 656.268(6)(b), any party objecting to the reconsideration order may request a hearing with the board's Hearings Division under ORS 656.283(1), pursuant to which the Hearings Division has jurisdiction over any "matter concerning a claim." If the claim had been correctly processed, claimant would have had an opportunity to request a hearing on the department's order on reconsideration. The processing of a claim reopened for vocational assistance is thus a matter concerning the claim over which the board's Hearings Division has jurisdiction. Accordingly, we conclude that the board erred in dismissing claimant's request for hearing from the notice of closure for lack of jurisdiction.

Reversed and remanded.